IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 02-148 GMS |
| ) | |
| VIACELL, INC., CRYO-CELL ) | |
| INTERNATIONAL, INC., CORCELL, ) | |
| INC., and CBR SYSTEMS, INC., f/k/a ) | |
| CORD BLOOD REGISTRY, INC., ) | |
| ) | |
| Defendants. ) | |

**FILED**
OCT 30 2003
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## JUDGMENT

This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict on October 29, 2003. The verdict was accompanied by a special verdict form, a copy of which is attached hereto. Therefore,

IT IS ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of the plaintiff PHARMASTEM THERAPEUTICS, INC., and against the defendants VIACELL, INC., CRYO-CELL INTERNATIONAL, INC., CORCELL, INC., AND CBR SYSTEMS, INC., f/k/a CORD BLOOD REGISTRY, INC., finding a reasonable royalty rate of 6.125% for revenues received by the defendant VIACELL, INC., in the amount of TWO MILLION EIGHT HUNDRED NINETY-TWO THOUSAND EIGHT HUNDRED FIFTY-FOUR DOLLARS and SEVENTY-ONE CENTS ($2,892,854.71), for revenues received by the defendant CRYO-CELL in the amount of NINE HUNDRED FIFTY SIX THOUSAND TWO HUNDRED FORTY-SIX DOLLARS and EIGHTY-TWO CENTS, ($956,246.82), for revenues received by the defendant CORCELL, INTERNATIONAL, INC., in the amount of THREE HUNDRED FIFTY SIX THOUSAND NINE HUNDRED FORTY-TWO DOLLARS and SIXTY-FOUR CENTS ($356,942.64), for revenues

Exhibit 1
-5-

received by the defendant CBR SYSTEMS, INC., f/k/a CORD BLOOD REGISTRY, INC., in the amount of TWO MILLION EIGHT HUNDRED NINETY-SIX THOUSAND TWO HUNDRED THIRTY-NINE DOLLARS and SEVENTY-FIVE CENTS ($2,896,239.75) for infringement of U.S. Patent No. 5,004,681 and entering judgment against defendant the VIACELL, INC., for revenues received in the amount of EIGHT THOUSAND EIGHT HUNDRED TWENTY DOLLARS ($8,820.00), for revenues received by the defendant CRYO-CELL INTERNATIONAL, INC., in the amount of ONE THOUSAND FOUR HUNDRED SEVENTY-SIX DOLLARS ($1,476.00), for revenues received by the defendant CORCELL, INC., in the amount of SEVEN HUNDRED THIRTY-FIVE DOLLARS ($735.00) and for revenues received by defendant the CBR SYSTEMS, INC., f/k/a CORD BLOOD REGISTRY INC., in the amount of THIRTEEN THOUSAND TWO HUNDRED THIRTY DOLLARS ($13,230.00) for infringement of U.S. Patent No. No. 5,192,553; and entering judgment on the Antitrust Counterclaim by the defendant VIACELL, INC., in favor of counterclaim defendant PHARMASTEM, INC., against counterclaim plaintiff VIACELL, INC.

Dated: October 3⁰, 2003

_____
UNITED STATES DISTRICT JUDGE

Exhibit 1
-6-



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| VIACELL, INC., CRYO-CELL INTERNATIONAL, INC., CORCELL, INC. STEMCYTE, INC., CBR SYSTEMS, INC., BIRTHCELLS TECHNOLOGY, INC., NUSTEM TECHNOLOGIES, INC. AND BIO-CELL, INC. | ) ) ) ) ) ) ) Civil Action No. 02-148-GMS |
| Defendant. | ) ) |

FILED
OCT 2 9 2003
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### JURY VERDICT FORM

**Section I: Patent Infringement/Non-Infringement**

    A:    **Direct Infringement of the '681 Patent**

<u>Question No. 1</u>

Has PharmaStem proven by a preponderance of the evidence that any of the Defendants listed below have directly infringed claims 1 or 2 of the '681 patent by making, using, selling, or offering to sell units of cord blood that were collected at the birth of a single human and contain stem cells in an amount sufficient to effect hematopoietic reconstitution of a human adult?

<u>**Answer separately for each Defendant.**</u>

    ViaCell    YES __X__  NO _____

    CBR        YES __X__  NO _____

    Cryo-Cell  YES __X__  NO _____

Exhibit 1
-7-

### B: Active Inducement of Infringement of the '681 Patent

**Question No. 2**

Has PharmaStem proven by a preponderance of the evidence that CorCell has actively induced infringement of claims 1 or 2 of the '681 patent by causing a third-party who made, used, sold, or offered to sell units of cord blood that were collected at the birth of a single human and contain stem cells in an amount sufficient to effect hematopoietic reconstitution of a human adult?

YES __X__    NO _____

### C: Contributory Infringement of the '553 Patent

**Question No. 3: Substantial Non-Infringing Use**

Has PharmaStem proven by a preponderance of the evidence that cryopreserved cord blood has no substantial noninfringing use?

YES __X__    NO _____

If NO, go on to question 6.

If YES, go on to the next question.

**Question No. 4: Direct Infringement**

Has PharmaStem proven by a preponderance of the evidence that defendants and the transplant physicians are acting in concert or working together to complete the process of infringement of claims 13, 19, 47, 53, or 57 of the '553 patent by performing each and every one of the steps in any of those claims?

YES __X__    NO _____

If NO, go on to question 6.

If YES, answer question 5.

**Question No. 5: Contributory Infringement**

Has PharmaStem proven that a Defendant has contributorily infringed the '553 patent by selling or offering to sell cryopreserved cord blood that was actually used by a third party in the direct infringement of any of claims 13, 19, 47, 53, or 57 of the '553 patent?

<u>Answer separately for each defendant.</u>

ViaCell    YES __X__    NO _____

2

Exhibit 1
-8-

CBR         YES _X_   NO _____

Cryo-Cell   YES _X_   NO _____

CorCell     YES _X_   NO _____

### Section II: Willful Infringement Claim

Only answer question 6 if you find at least one claim of the '681 or '553 patent infringed by any of the Defendants.

### Question No. 6: Willful Infringement.

Has PharmaStem proven by clear and convincing evidence that any of the Defendants willfully infringed either of the patents-in-suit?

**Answer separately for each Defendant.**

ViaCell     YES _X_   NO _____

CBR         YES _X_   NO _____

Cryo-Cell   YES _X_   NO _____

CorCell     YES _X_   NO _____

### Section III: Invalidity/Validity

A:  **Anticipation**

### Question No. 7a

Have the Defendants proven by clear and convincing evidence that claims 1 and 2 of the '681 patent are invalid because the claimed composition was anticipated by prior art?

YES _____     NO _X_

Go on to the next question.

### Question No. 7b

Have the Defendants proven by clear and convincing evidence that claims 13, 19, 47, 53, and 57 of the '553 patent are invalid because the claimed methods were anticipated by prior art?

YES _____     NO _X_

Go on to the next question.

3

Exhibit 1
-9-

B:    Obviousness

Question No. 8a

Have the Defendants proven by clear and convincing evidence that claims 1 and 2 of the '681 patent are invalid because the claimed composition would have been obvious to a person of ordinary skill in the field of the invention?

YES _____    NO __X__

Go on to the next question.

Question No. 8b

Have the Defendants proven by clear convincing evidence that claims 13, 19, 47, 53, and 57 of the '553 patent are invalid because the claimed methods would have been obvious to a person of ordinary skill in the field of the invention?

YES _____    NO __X__

Go on to the next question.

C:    Inventorship

Question No. 9

Have the Defendants proven by clear and convincing evidence that the patents are invalid for failing to name Dr. Rubinstein as an inventor?

YES _____    NO __X__

Go on to the next question.

D:    Indefiniteness/Definiteness

Question No. 10

Have the Defendants proven by clear and convincing evidence that the '681 patent is indefinite in that on November 12, 1987, a person of ordinary skill in the art would not have been able to determine from the patent what the claimed invention covers?

YES _____    NO __X__

Go on to the next question.

Section IV: Inequitable Conduct

4

Exhibit 1
-10-

A:   '681 Patent

Question No. 11

Have the Defendants proven by clear and convincing evidence that PharmaStem or any of the inventors or attorneys obtained the '681 patent by intentionally misleading or intentionally withholding information from the Patent Office with knowledge that such information was material to the patentability of the invention?

YES _____     NO __X__

Go to the next question.

B:   '553 Patent

Question No. 12

Have the Defendants proven by clear and convincing evidence that PharmaStem or any of the inventors or attorneys obtained the '553 patent by intentionally misleading or intentionally withholding information from the Patent Office with knowledge that such information was material to the patentability of the invention?

YES _____     NO __X__

Go to the next question.

Section V: Damages

Only answer the questions in Section V if you find at least one asserted claim of the '681 or '553 patents valid, enforceable and infringed by any of the Defendants.

A.   Reasonable Royalty Rate

Question No. 13

If you find any asserted claim of the '681 or '553 patent valid, enforceable and infringed by ANY OF THE DEFENDANTS, what is the reasonable royalty for those acts of infringement?
_6.125%_

5

Exhibit 1
-11-

B.  Revenues Received for Infringement of the '681 Patent

Only answer question 14 if you find at least one asserted claim of the '681 patent valid, enforceable and infringed by any of the Defendants.

Question No. 14

A.) If you find any asserted claim of the '681 patent valid, enforceable and infringed by any Defendant (see question 1), what is the number of units that infringe the '681 patent to which the royalty rate should apply?

| | |
|---|---|
| ViaCell | 34,293 |
| Cryo-Cell | 49,646 |
| CorCell | 4,640 |
| CBR | 34,649 |

B.) What is the amount of revenue received by that Defendant in connection with those infringing units to which the royalty rate should apply?

| | |
|---|---|
| ViaCell | $ 47,230,281.00 |
| Cryo-Cell | $ 15,612,193.00 |
| CorCell | $ 5,827,635.00 |
| CBR | $ 47,285,547.00 |

Go to the next question.

C.  '553 Patent

Only answer question 15 if you find at least one asserted claim of the '553 patent valid, enforceable and infringed by any of the Defendants.

Question No. 15

A.) If you find any asserted claim of the '553 patent valid, enforceable and infringed by any Defendant (see question 4-5), what is the number of units that infringe the '553 patent to which the royalty rate should apply?

| | |
|---|---|
| ViaCell | 12 |
| Cryo-Cell | 2 |

6

Exhibit 1
-12-

CorCell   1

CBR   18

B.) What is the amount of revenue received by that Defendant in connection with those infringing units to which the royalty should apply?

ViaCell   $ 144,000.00

Cryo-Cell   $ 24,000.00

CorCell   $ 12,000.00

CBR   $ 216,000.00

Go to the next question.

### Section VI: Antitrust Counterclaim

Question No. 16

Has ViaCell proven by clear and convincing evidence that PharmaStem intentionally withheld or deliberately falsified information that, if known by the Patent Office, would have resulted in the denial of the patent to PharmaStem?

YES _____   NO __X__

Go to the next question.

Question No. 17

Has ViaCell proven by a preponderance of the evidence that PharmaStem monopolized, or attempted to monopolize, a relevant market?

YES _____   NO __X__

Go to the next question.

Question No. 18

Has ViaCell proven by a preponderance of the evidence that ViaCell was injured in its business because of PharmaStem's antitrust conduct?

YES _____   NO __X__

Go to the next question.

Question No. 19

7

Exhibit 1
-13-

Has ViaCell proven by a preponderance of the evidence that it suffered damage resulting from PharmaStem's anticompetitive conduct?

YES _____   NO __X__

If YES, what is the amount of damages? __N/A__

Dated: *October 29, 2003*

*Nicholas Bogush*
Foreperson

*[signature]*
Juror

*Joanne Clark*
Juror

*[signature]*
Juror

*[signature]*
Juror

*Charley Sypes*
Juror

*Deborah A. Blahusch*
Juror

*Andria Smith*
Juror

8

Exhibit 1
-14-