```
 1 │ PILLSBURY WINTHROP LLP
   │ William F. Abrams (State Bar No. 88805)
 2 │ Thomas F. Chaffin (State Bar No. 112368)
   │ 2475 Hanover Street
 3 │ Palo Alto, CA 94304-1114
   │ Telephone: (650) 233-4500
 4 │ Facsimile:  (650) 233-4545
 5 │ Attorneys for Defendants
   │ Monica Aszterbaum, M.D.,
 6 │ Andrew Cassidenti, M.D.,
   │ Eunice U. Lee, M.D.,
 7 │ Carla Wells, M.D.,
   │ Anita York, M.D.,
 8 │ Bruce A. Hagadorn, M.D.,
   │ Rajasree T. Seshadri, M.D. and
 9 │ Arthur Goldstein, M.D.
```



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CURESOURCE, INC., a South Carolina corporation, MONICA ASZTERBAUM, an individual, ANDREW CASSIDENTI, an individual, EUNICE U. LEE, an individual, CARLA WELLS, an individual, ANITA YORK, an individual, ELIOT ROMERO, an individual, KATHY ANDERSON, an individual, NASRIN FARBAKHSH, an individual, BRUCE A. HAGADORN, an individual, RAJASREE T. SESHADRI, an individual, ARTHUR GOLDSTEIN, an individual, and CHARLES W. MONIAK, an individual,<br><br>Defendants. | Case No. SA-CV-04-921 GLT-(ANx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO FILE A RESPONSIVE PLEADING**<br><br>[Fed. Rule Civ. Proc. 6(b); Civil L.R. 7-19]<br><br>Judge: Hon. Gary L. Taylor<br>Courtroom No.: 10D<br>Action Filed: August 4, 2004<br>Ex Parte Application Filed: August 31, 2004 |

DOCKETED ON CM
SEP - 1 2004
BY _____ 040

MEMO. OF POINTS AND AUTHORITIES IN SUPP. OF
EX PARTE APPLICATION FOR EXTENSION OF TIME
TO FILE A RESPONSIVE PLEADING
CASE NO.: SA-CV-04-921 GLT-(ANx)

## I. INTRODUCTION AND STATEMENT OF FACTS.

Defendants Monica Aszterbaum, M.D., Andrew Cassidenti, M.D., Eunice U. Lee, M.D., Carla Wells, M.D., Anita York, M.D., Bruce A. Hagadorn, M.D., Rajasree T. Seshadri, M.D. and Arthur Goldstein, M.D. (collectively "Defendant Doctors") hereby submit this memorandum of points and authorities in support of their ex parte application, made pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Local Rule 7-19 of the Local Rules for the United States District Court for the Central District of California, for an order enlarging the time in which Defendant Doctors, and each of them, may serve and file an answer or other responsive pleading in this action. In particular, Defendant Doctors request that this court order them to respond to the Complaint on or before September 30, 2004.

On August 4, 2004, Plaintiff PharmaStem Therapeutics, Inc, ("PharmaStem" or "Plaintiff") filed a Complaint in this Court ("Central District Action"), against Curesource, Inc. ("Curesource") and twelve individual doctors, including Defendant Doctors, alleging infringement of U.S. Patent Nos. 6,461,645 B1 (the "'645 Patent") and 6,569,427 B1 ("the "'427 Patent"). *See* Complaint, on file in this action; *See also* Declaration of Chang H. Kim in Support of Defendants' Ex Parte Application for Enlargement of Time to File a Responsive Pleading ("Kim Decl.") at ¶ 2. Only the '427 patent is asserted against the Defendant Doctors. Kim Decl. at ¶ 2.

The period originally prescribed for the Defendant Doctors, and each of them, to respond to the Complaint in the Central District Action has not expired. In particular, Defendant Doctors allege that: (a) Monica Aszterbaum, M.D. was served on August 13, 2004, and her answer or other responsive pleading is due September 2, 2004; (b) Andrew Cassidenti, M.D. was served on August 11, 2004, and his answer or other responsive pleading is due August 31, 2004; (c) Eunice U. Lee, M.D. was served on August 13, 2004, and her answer or other responsive pleading is due September 2, 2004; (d) Carla Wells, M.D. was served on August 11, 2004, and her answer or other responsive pleading is due August 31, 2004; (e) Anita York, M.D. was served on August 11, 2004, and her answer or

1   other responsive pleading is due August 31, 2004; (f) Bruce A. Hagadorn, M.D. was served
2   on August 11, 2004, and his answer or other responsive pleading is due August 31, 2004;
3   (g) Rajasree T. Seshadri, M.D. was served on August 11, 2004, and his answer or other
4   responsive pleading is due August 31, 2004; and (h) Arthur Goldstein, M.D. was served on
5   August 16, 2004, and his answer or other responsive pleading is due September 5, 2004.
6   *See* Proofs of Service, on file in this action; *See also* Kim Decl. at ¶ 3.

7         Pillsbury Winthrop LLP ("Pillsbury"), counsel for Defendant Doctors, were retained
8   by certain of Defendant Doctors beginning on or about August 27, 2004. Kim Decl. at ¶¶ 7,
9   9 and 13. Pillsbury was retained by the remainder of the Defendant Doctors on or about
10  August 30 and 31, 2004. Kim Decl. at ¶¶ 7, 9 and 13. Counsel for Defendant Doctors
11  made numerous attempts to avoid the present motion by requesting a stipulation for a brief
12  enlargement of time for filing a responsive pleading from counsel for PharmaStem, Lisa
13  Kobialka of Perkins Coie LLP, 101 Jefferson Drive, Menlo Park CA 94025-1114, (650)
14  838-4300. Kim Decl. at ¶¶ 7-12. Ms. Kobialka, despite previously representing that
15  PharmaStem "do[es] not have a problem in granting the extension of time," ultimately
16  refused to stipulate to an enlargement of time, stating "[w]e do not have the authority to
17  extend time to answer, respond or otherwise plead to the complaint." Kim Decl. at ¶¶ 7-12.
18  Plaintiff' counsel has not identified---nor can they in good faith identify--any prejudice to
19  PharmaStem that would result from the requested enlargement of time. Kim Decl. at ¶¶ 7-
20  12. Thereafter, counsel for Defendant Doctors provided counsel for PharmaStem with
21  proper notice of the present ex parte application. Kim Decl. at ¶ 12.

22        There have been no previous extensions of time obtained from Plaintiff or granted
23  by this court. Pillsbury and Defendant Doctors need additional time to investigate and
24  prepare their answers or other responses to the Complaint. Kim Decl. at ¶ 15.

25  **II. ARGUMENT.**
26        Rule 6(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that:
27  > When by these rules or by a notice given thereunder or by order of court an
    > act is required or allowed to be done at or within a specified time, the court
28  > for cause shown may at any time in its discretion (1) with or without motion

or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed . . .

In the present case, Defendant Doctors have made the necessary showing of good cause, in that Defendant Doctors have demonstrated, by way of declaration, that an enlargement of time is necessary to allow Defendant Doctors and their attorneys in this action to conduct an investigation of the allegations in the pleadings so that meaningful responses may be made. Beginning only four days ago on August 27, 2004, Defendant Doctors formally engaged Pillsbury to represent them in this litigation because they needed time to determine who would represent them. Kim Decl. at ¶ 12-13. Without warning, PharmaStem sued the Defendant Doctors, and they were surprised by such lawsuit. PharmaStem even contacted the Defendant Doctors on numerous occasions since the filing of the lawsuit and did so as of yesterday, August 30. Kim Decl. at ¶ 14.

Within the last four days, Pillsbury has been asked by eight defendants to represent them in this complex litigation involving numerous patents and double digit defendants. Pillsbury and the Defendant Doctors need additional time to investigate and prepare their answers and responses to the Complaint. Without any reason or justification, PharmaStem refused to grant Defendant Doctors an extension of time to answer or respond to the Complaint. Moreover, PharmaStem has not shown any prejudice to it by granting the extension because none exists. None of the court ordered deadlines will be affected by granting such extension.

Defendant Doctors have also demonstrated, by way of declaration, that prior to the making of this application, counsel for Defendant Doctors attempted to secure a stipulation to the enlargement of time for filing responsive pleadings, but that counsel for PharmaStem refused to stipulate, thereby necessitating the present application. In fact, PharmaStem previously represented to Pillsbury that it "do[es] not have a problem in granting the extension of time" for the Defendant Doctors, but wanted Pillsbury to identify the Defendant Doctors. Kim Decl. at ¶ 8. When Pillsbury identified the Defendant Doctors as soon as it learned it would be representing them in this litigation, PharmaStem, without any

reason or justification, changed its position and refused to grant the extension. Kim Decl. at ¶ 11. Numerous attempts were made by Pillsbury counsel to discuss this matter with PharmaStem, but PharmaStem has not responded. Kim Decl. at ¶ 12. Moreover, PharmaStem refusal to stipulate to the Defendant Doctors' requests for a brief enlargement of time is contrary to Subsection 4 of Section B(2) of the Central District Civility and Professionalism Guidelines, which states, in pertinent part, "[u]nless time is of the essence, as a matter of courtesy we will grant first requests for reasonable extensions of time to respond to litigation deadlines."

### III. CONCLUSION.

Based on the foregoing, as well as the pleadings and papers on file in this action, the notice of ex parte application and ex parte application, the proposed order, the Declaration of Chang H. Kim, and any evidence or argument presented at the hearing of this motion, Defendant Doctors respectfully request that the court grant their ex parte application for an order enlarging time to respond to the Complaint until September 30, 2004.

Dated: August 31, 2004.

PILLSBURY WINTHROP LLP
William F. Abrams
Thomas F. Chaffin
2475 Hanover Street
Palo Alto, CA 94304-1114

By _____

Attorneys for Defendants
Monica Aszterbaum, M.D.,
Andrew Cassidenti, M.D.,
Eunice U. Lee, M.D.,
Carla Wells, M.D.,
Anita York, M.D.,
Bruce A. Hagadorn, M.D.,
Rajasree T. Seshadri, M.D. and
Arthur Goldstein, M.D.

*Pharmastem Therapeutics, Inc. v. Curesource, Inc., et al.*
U.S.D.C., Central District of California, Docket No. SA-CV-04-921 GLT (ANx)

PROOF OF SERVICE

I, Patrick Mitchell, the undersigned, hereby state as follows:

1. I am employed in the County of Orange, State of California.

2. I am over the age of 18 years and am not a party to the within proceedings.

3. My business address is 650 Town Center Drive, 7th Floor, Costa Mesa, California 92626-7122.

4. On August 31, 2004 I served the following:

   (i) *NOTICE OF DEFENDANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING;*

   (ii) *MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO FILE A RESPONSIVE PLEADING;*

   (iii) *DECLARATION OF CHANG H. KIM IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO FILE A RESPONSIVE PLEADING; and*

   (iv) *[PROPOSED] ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING*

on the interested parties in this action by placing [ ] the original [x] a true copy thereof, enclosed in sealed envelopes addressed as follows:

**Paul J. Andre, Esq.**
**PERKINS COIE LLP**
**101 Jefferson Drive**
**Menlo Park, CA  94025**
**FAX:  (650) 838-4350**

40158071v1

- 1 -

1  [X] <u>BY MAIL</u>: I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

6  [ ] <u>BY OVERNIGHT DELIVERY</u>: I am readily familiar with the business practices of this office. I served a true copy of the above-entitled document as indicated on the attached Service List by depositing it/them with an overnight courier service, ***OVERNIGHT EXPRESS***.

10 [ ] <u>BY PERSONAL SERVICE</u>: I am over the age of eighteen years and am not a party to the within entitled proceedings. I am employed in the County of Orange, State of California. I caused to be served a true copy of the above-entitled document as indicated above by 1st Legal.

14 [X] FACSIMILE TRANSMISSION: I am readily familiar with the business practices of this office. The telephone number of the facsimile machine I used was (714) 436-2800. This facsimile machine complies with Rule 2003(2) of the California Rules of Court. Upon transmission, no error was reported by the facsimile machine, and a printed copy of the machine's transmission record, indicating that the transmission was successfully completed, is attached to this declaration. In addition to the facsimile transmission, a true copy of said document was placed in a sealed envelope, addressed as indicated on the attached Service List, and deposited in regularly maintained interoffice mail for collection, postage, and same-day delivery to the United States Postal Service for delivery to the addressee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 31st day of August, 2004, at Costa Mesa, California.

_____
PATRICK MITCHELL

```
Confirmation Report – Memory Send

                              Page        : 001
                              Date & Time : 08-31-04  02:29pm
                              Line 1      :
                              Line 2      :
                              Machine ID  :

Job number       :  282

Date             :  08-31  02:20pm

To               :  ☎916508384350

Number of pages  :  034

Start time       :  08-31  02:20pm

End time         :  08-31  02:29pm

Pages sent       :  034

Status           :  OK

Job number       :  282          *** SEND SUCCESSFUL ***
```



PILLSBURY WINTHROP

650 TOWN CENTER DRIVE 7TH FLOOR COSTA MESA, CA 92626-7122   714.436.6800   F: 714.436.2800

| FACSIMILE | | | Total Pages (including cover): | 34 |
|---|---|---|---|---|
| HOUSTON | Date: | August 31, 2004 | Must Be Sent By: | ASAP |
| LONDON | | | | |
| LOS ANGELES | To: | Paul J. Andres, Esq. | Fax No: | (650) 838-4350 |
| NEW YORK | | | | |
| NORTHERN VIRGINIA | Company: | Perkins Coie LLP | Phone No: | (650) 555-1212 |
| ORANGE COUNTY | | | | |
| SACRAMENTO | From: | Rose M. Hartwig | Phone No: | (714) 436-6868 |
| SAN DIEGO | User No: | 15563 | C/M No: | 013054-0000008 |
| SAN FRANCISCO | | | | |
| SILICON VALLEY | Comments: | | | |
| SINGAPORE | | **Hard copies will follow via U.S. Postal Service.** | | |
| STAMFORD | | | | |
| SYDNEY | | | | |
| TOKYO | | | | |
| WASHINGTON DC | | | | |

Confidentiality Note: The documents accompanying this facsimile transmission may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in this transmission is strictly PROHIBITED. If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us. Thank you.

If you have not properly received this fax, please call (714) 436-6800. Thank you.
Operator: _____   Time Sent: _____   Batch ID: _____

40155072V1