| | |
|---|---|
| 1 | PILLSBURY WINTHROP LLP |
| | William F. Abrams (State Bar No. 88805) |
| 2 | Thomas F. Chaffin (State Bar No. 112368) |
| | 2475 Hanover Street |
| 3 | Palo Alto, CA 94304-1114 |
| | Telephone: (650) 233-4500 |
| 4 | Facsimile: (650) 233-4545 |
| 5 | Attorneys for Defendants |
| | Monica Aszterbaum, M.D., |
| 6 | Andrew Cassidenti, M.D., |
| | Eunice U. Lee, M.D., |
| 7 | Carla Wells, M.D., |
| | Anita York, M.D., |
| 8 | Bruce A. Hagadorn, M.D., |
| | Rajasree T. Seshadri, M.D., and |
| 9 | Arthur Goldstein, M.D. |



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation, | Case No. SA-CV-04-921 GLT-(ANx) |
| Plaintiff, | **DECLARATION OF CHANG H. KIM IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO FILE A RESPONSIVE PLEADING** |
| vs. | |
| CURESOURCE, INC., a South Carolina corporation, MONICA ASZTERBAUM, an individual, ANDREW CASSIDENTI, an individual, EUNICE U. LEE, an individual, CARLA WELLS, an individual, ANITA YORK, an individual, ELIOT ROMERO, an individual, KATHY ANDERSON, an individual, NASRIN FARBAKHSH, an individual, BRUCE A. HAGADORN, an individual, RAJASREE T. SESHADRI, an individual, ARTHUR GOLDSTEIN, an individual, and CHARLES W. MONIAK, an individual, | [Fed. Rule Civ. Proc. 6(b); Civil L.R. 7-19]<br><br>Judge: Hon. Gary L. Taylor<br>Courtroom No.: 10D<br>Action Filed: August 4, 2004<br>Ex Parte Application Filed: August 31, 2004 |
| Defendants. | |



DECLARATION OF CHANG KIM IN SUPPORT OF EX
PARTE APPLICATION FOR EXTENSION OF TIME
CASE NO.: Case No. SA-CV-04-921 GLT-(ANx)

I, CHANG H. KIM, declare as follows:

1. I am an attorney with the law firm of Pillsbury Winthrop LLP ("Pillsbury"), and counsel of record for defendants Monica Aszterbaum, M.D., Andrew Cassidenti, M.D., Eunice U. Lee, M.D., Carla Wells, M.D., Anita York, M.D., Bruce A. Hagadorn, M.D., Rajasree T. Seshadri, M.D. and Arthur Goldstein, M.D. ("Defendant Doctors") in the above-referenced action. I make this declaration of my own personal knowledge. If called upon to do so, I could and would testify competently to the matters set forth in this declaration.

2. On August 4, 2004, Plaintiff PharmaStem Therapeutics, Inc, ("PharmaStem") filed a Complaint in this Court ("Central District Action"), against Curesource, Inc. ("Curesource") and twelve individual doctors alleging infringement of U.S. Patent Nos. 6,461,645 B1 (the "'645 Patent") and 6,569,427 B1 ("the "'427 Patent"). Only the '427 patent is asserted against the Defendant Doctors.

3. On information and belief, the Complaints were served on the Defendant Doctors during the week of August 9, 2004. Based on such information, the responses to the Complaints are due during the week of August 30, 2004, with the earliest responses to the Complaint due August 31, 2004.

4. On information and belief, PharmaStem and Curesource settled on or about August 23, 2004.

5. On July 28, 2004, one week before filing the Complaint in the Central District Action, PharmaStem filed another Complaint in the Northern District of California ("Northern District Action") against CBR Systems, Inc. ("CBR"), and Sutter Health, Inc., ("Sutter Health") alleging infringement of the same two patents, the '645 Patent and the '427 Patent.

6. Pillsbury is representing CBR in the Northern District Action and on behalf of CBR, Pillsbury prepared and filed the answer and counterclaims in the Northern District Action on August 23, 2004. CBR did not request an extension to respond to the Complaint in the Northern District Action.

- 1 -

7. When it became apparent that Pillsbury may be representing the Defendant Doctors in the Central District Action, I telephoned and emailed PharmaStem's counsel, Ms. Kobialka, on Friday, August 27 at approximately 1:06 p.m. requesting an extension of time for the Defendant Doctors to respond to the Complaint. *See* Exhibit A. At that time, I represented to Ms. Kobialka that Pillsbury was not representing any of the Defendant Doctors. Id.

8. Ms. Kobialka responded via voice message and email at approximately 3:53 p.m. on August 27 stating that PharmaStem "do[es] not have a problem in granting the extension of time," but wanted to speak to me and find out who Pillsbury was representing. Id.

9. On late August 27, Monday, August 30, and Tuesday, August 31, the Defendant Doctors formerly engaged Pillsbury to represent them in the Central District Action.

10. On August 30 at approximately 2:27 p.m., I telephoned and emailed Ms. Kobialka identifying the Defendant Doctors per her request and again, based on Ms. Kobialka's representation on August 27, requested confirmation that PharmaStem would be granting the extension of time. Id.

11. Ms. Kobialka responded on 4:04 p.m. on August 30, 2004, stating "[w]e do not have the authority to extend time to answer, respond or otherwise plead to the complaint." *See* Exhibit B. No reason was given as to why an extension cannot be granted. Ms. Kobialka did not call me to discuss this matter. Ms. Kobialka gave no reason for any prejudice to PharmaStem in granting the extension of time. In fact, PharmaStem previously granted Sutter Health an extension of time to respond to the Complaint in the Northern District Action to September 27, 2004. *See* Exhibit C.

12. I responded to Ms. Kobialka on 4:21 p.m. and 5:55 p.m. on August 30, 2004, that we would seek the Court's assistance Ex Parte in this matter in view of her earlier representations.

- 2 -

DECLARATION OF CHANG KIM IN SUPPORT OF EX PARTE APPLICATION FOR EXTENSION OF TIME
CASE NO.: Case No. SA-CV-04-921 GLT-(ANx)

13. The Defendant Doctors did not engage Pillsbury until late August 27, August 30 and August 31. The Defendant Doctors did not formerly engage Pillsbury earlier because they were determining who would represent them. Certain of the other defendants in the Central District Action have indicated that they would engage Pillsbury, but they have not officially done so.

14. Since filing the lawsuit in the Central District Action, PharmaStem have contacted the Defendant Doctors on numerous occasions, including on August 30, 2004.

15. Pillsbury and Defendant Doctors need additional time to investigate and prepare their answers and responses to the Complaint. Pillsbury need the additional time to deal with the number of Defendant Doctors. The Defendant Doctors formerly engaged Pillsbury to represent them beginning August 27, 2004, just four days ago, and as late as today, August 31, 2004.

I declare under penalty of perjury, under the laws of the United States of America and the State of California, that the foregoing is true and correct. Executed this 31st day of August, 2004, at Palo Alto, California.

CHANG H. KIM