

1  Paul J. Andre (State Bar No. 196585)
2  Lisa Kobialka (State Bar No. 191404)
   Amanda M. Fox (State Bar No. 212939)
3  PERKINS COIE LLP
4  101 Jefferson Drive
   Menlo Park, California 94025
5  Telephone: (650) 838-4300
6  Facsimile:  (650) 838-4350

7  Attorneys for PharmaStem Therapeutics, Inc.

8

9            **UNITED STATES DISTRICT COURT**
10            **CENTRAL DISTRICT OF CALIFORNIA**

11  PHARMASTEM THERAPEUTICS,
    INC., a Delaware corporation,
12
                                          **Civil Action No.: SACV-04-921**
13            Plaintiff,                   **GLT (ANX)**
14        v.
15  CURESOURCE, INC., a South Carolina    **PLAINTIFF PHARMASTEM**
16  corporation, MONICA ASZLERBAUM,       **THERAPEUTICS, INC. 'S**
    an individual, ANDREW CASSIDENTI,     **APPLICATION FOR DEFAULT**
17  an individual, EUNICE U. LEE, an      **JUDGMENT BY COURT**
18  individual, CARLA WELLS, an           **[F.R.Civ.P. 55; L.R. 55]**
    individual, ANITA YORK, an
19  individual, ELIOT ROMERO, an
20  individual, KATHY ANDERSON, an
    individual, NASRIN FARBAKHSH, an
21  individual, BRUCE A. HAGADORN, an
22  individual, RAJASREE T. SESHADRI,
    an individual, ARTHUR GOLDSTEIN,
23  an individual, and CHARLES W.
24  MONIAK, an individual,
25
            Defendants.
26
27
28

092104/1250[Document4]

# TABLE OF CONTENTS

**Page**

I.  PRELIMINARY STATEMENT ................................................................. 1

II.  STATEMENT OF FACTS ...................................................................... 1

III.  ARGUMENT ......................................................................................... 2

    A.  PharmaStem's '427 Patent is Entitled to a Presumption of Validity. ..................................................................................... 2

    B.  Dr. Farbakhsh Infringes PharmaStem's '427 Patent. ...................... 3

    C.  Default Judgment Should Be Entered Against Dr. Farbakhsh Based On A Failure To Answer Or Otherwise Respond. ............... 3

        1.  Dr. Farbakhsh should be deemed to have admitted each and every factual allegation of infringement set out in the complaint. ................................................................. 3

        2.  PharmaStem is entitled to a determination of liability against Defendant. ................................................................. 4

    D.  PharmaStem Is Entitled To Injunctive Relief. ............................... 5

        1.  The Principles of Equity Support An Injunction. ................. 6

            a.  Grant Of Injunctive Relief Is In The Public Interest. .......................................................................... 6

            b.  PharmaStem Is Suffering Irreparable Harm And Has No Adequate Legal Remedy. ....................... 7

                (i)  PharmaStem Is Being Irreparably Harmed In The Marketplace. ............................ 8

                (ii)  Money Cannot Compensate PharmaStem. ........................................................ 8

        2.  The Balance of Hardships Tip in PharmaStem's Favor. ...... 9

- i -

092104/1250[Document4]

1
       3.    The Proposed Injunction Is Appropriate............................ 10

2
   E.    PharmaStem Is Entitled To Its Attorney's Fees and Costs. .......... 11

3
IV.   CONCLUSION ....................................................................................... 11

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

092104/1250[Document4]

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Atlas Powder Co. v. Ireco Chemicals*,
   773 F.2d 1230 (Fed. Cir. 1985) ............................................................. 8, 9, 10

*Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.*,
   106 F.Supp.2d 696 (D.N.J. 2000) ........................................................ 8

*Canon Computer Sys., Inc. v. Nu-Kote Intl, Inc.*,
   134 F.3d 1085 (Fed. Cir. 1998) ........................................................ 3

*Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*,
   722 F.2d 1319 (7th Cir. 1983) ............................................................. 4

*E.I. du Pont de Nemours v. Polaroid Graphics Imaging, Inc.*,
   706 F.Supp. 1135 (D.Del.) .......................................................... 6, 7, 8

*Fisher-Price, Inc. v. Safety 1st, Inc.*,
   279 F.Supp.2d 526 (D.Del. 2003) .................................................. 8

*Geddes v. United Financial Group*,
   559 F.2d 557 (9th Cir. 1977) ....................................................... 11

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*,
   973 F.2d 155 (2nd Cir. 1992) ............................................................. 4

*H.H. Robertson Co. v. United Steel Deck, Inc.*,
   820 F.2d 384 (Fed. Cir. 1987) ............................................................. 8, 9, 10

*Kelley v. Carr*,
   567 F. Supp. 831 (W.D. Mich. 1983) ................................................ 4

*Polymer Techs. v. Bridwell*,
   103 F.3d 970 (Fed. Cir. 1996) .......................................................... 8

*Richardson v. Suzuki Motor Co.*,
   868 F.2d 1226 (Fed. Cir. 1989) ............................................................. 6, 8, 10

iii

092104/1250[Document4]

*Rite-Hite Corp. v. Kelley Co., Inc.*,
56 F.3d 1538 (Fed. Cir. 1995) ........................................................................... 7

*Smith Int'l, Inc. v. Hughes Tool Co.*,
718 F.2d 1573 (Fed. Cir. 1983) ................................................................. 5, 6, 9

*W.L. Gore & Assoc., Inc. v. Garlock, Inc.*,
842 F.2d 1275 (Fed. Cir. 1988) ........................................................................ 6

*Wesley Jessen Corp. v. Bausch & Lomb, Inc.*,
209 F.Supp.2d 348 (D. Del. 2002) ................................................................. 5, 6

**Statutes**

35 U.S.C. § 154 ............................................................................................. 5, 9

35 U.S.C. § 271 .......................................................................................... 2, 3, 5

35 U.S.C. § 282 ................................................................................................. 3

35 U.S.C. § 283 ........................................................................................... 5, 11

35 U.S.C. § 285 ............................................................................................... 11

**Other Authorities**

Federal Rule of Civil Procedure 54 ................................................................ 12

Federal Rule of Civil Procedure 65(d) ........................................................... 11

Federal Rule of Civil Procedure, Rule 55 ......................................................... 1

Local Rule 54 .................................................................................................. 12

Local Rule 55 .................................................................................................. 12

Soldiers' or Sailors' Civil Relief Act of 1940 .................................................... 2

092104/1250[Document4]

1       TO DEFENDANTS MONICA ASZLERBAUM, ANDREW CASSIDENTI,

2   EUNICE U. LEE, CARLA WELLS, ANITA YORK, NASRIN FARBAKHSH,

3   BRUCE A. HAGADORN, RAJASREE T. SESHADRI, ARTHUR GOLDSTEIN,

4   and their Attorneys of Record:

5       PLEASE TAKE NOTICE THAT Plaintiff, PHARMASTEM

6   THERAPEUTICS, INC. ("Plaintiff" or "PharmaStem") hereby applies to the Court

7   for a default judgment against defendant Nasrin Farbakhsh, M.D. ("Dr.

8   Farbakhsh").  The clerk has previously entered the default against Dr. Farbakhsh on

9   September 17, 2004.

10      PharmaStem is entitled to judgment against Dr. Farbakhsh on the claim of

11  patent infringement, as pleaded in the Complaint.  PharmaStem seeks a permanent

12  injunction against Dr. Farbakhsh to prevent any further acts of infringement, as set

13  forth in the proposed injunction filed herewith.  PharmaStem also seeks reasonable

14  attorney's fees and costs incurred.

15      This Application is based on this Notice and Memorandum of Points and

16  Authorities, and the Declaration of Amanda M. Fox filed in support thereof, and

17  any related pleadings and filings.

18      DATED:  September 21, 2004

19              **PERKINS COIE LLP**

20

21          By  _Amanda Fox_

22               Amanda M. Fox

23               Attorneys for Plaintiff
                 PharmaStem Therapeutics, Inc.

24

25

26

27

28

092104/1250[Document4]

# MEMORANDUM OF POINTS AND AUTHORITIES
## I.    PRELIMINARY STATEMENT

Plaintiff PharmaStem Therapeutics, Inc. ("Plaintiff" or "PharmaStem") submits this brief in support of its request for an entry of default judgment of liability against defendant Nasrin Farbakhsh ("Dr. Farbakhsh") pursuant to the Court's entry of default against Dr. Farbakhsh, dated September 17, 2004.  Dr. Farbakhsh failed to respond to PharmaStem's Complaint for Patent Infringement ("Complaint"), or to appear in the above-captioned case within the time period required under the Federal Rules of Civil Procedure.  PharmaStem therefore seeks a default judgment against Dr. Farbakhsh from the Court, pursuant to Fed. R. Civ. P., Rule 55, in order to enjoin Dr. Farbakhsh from continuing to infringe PharmaStem's Patent, and to seek such other relief as pled in the Complaint and that this Court may deem proper and just.

Dr. Farbakhsh should not be allowed to continue to infringe PharmaStem's Patent by simply avoiding the law altogether.  Because PharmaStem has important and substantial rights at stake in the present action, a default judgment of liability should be entered against Dr. Farbakhsh.  The Court should not hesitate to impose a permanent injunction to prevent Dr. Farbakhsh from continuing infringing activities, and to award attorney's fees and costs to PharmaStem.

## II.    STATEMENT OF FACTS

PharmaStem's predecessor company pioneered the field of cord blood banking and, in doing so, sought and obtained several patents.  One such patent, U.S. Patent No. 6,569,427 B1 ("the '427 Patent") entitled "Isolation and Preservation of Fetal and Neonatal Hematopoietic Stem and Progenitor Cells of the Blood," is directed to a method of using and storing cryopreserved compositions of fetal or neonatal hematopoietic stem and progenitor cells obtained from the umbilical cord or placental blood of a newborn human ("Cord Blood") for therapeutic uses.  Exhibit 1 to Complaint.

092104/1250[Document4]

1    On July 28, 2004, PharmaStem filed its Complaint, alleging infringement of

2  the '427 Patent against Dr. Farbakhsh.  On August 13, 2004, Dr. Farbakhsh was

3  properly served with the Summons and Complaint.  Declaration of Amanda M. Fox

4  ("Fox Decl.") at ¶ 3; Exhibit A to Fox Decl.  Dr. Farbakhsh, however, has never

5  appeared before this Court nor explained its failure to answer or defend against

6  PharmaStem's Complaint.  *Id.*, ¶ 7.[1]  Subsequently, PharmaStem requested and was

7  granted an entry of default against Farbakhsh by Order of this Court on September

8  17, 2004.  *Id.*, ¶ 7.

9    PharmaStem brought this action against Dr. Farbakhsh because it is informed

10  and believes that Dr. Farbakhsh has collected Cord Blood which ViaCell, Inc., Cord

11  Blood Registry, Inc., Cryo-Cell International, Inc. and/or CorCell, Inc. (collectively,

12  the "Unlicensed Cord Blood Banks") processed, cryopreserved, and stored for

13  future therapeutic use.  Complaint ¶ 21.  Dr. Farbakhsh therefore has been, and

14  continues to, infringe the '427 Patent, under 35 U.S.C. § 271, by making, using,

15  selling and/or offering to sell the methods claimed in the '427 Patent, and will

16  continue to do so until enjoined by the Court.  Furthermore, Dr. Farbakhsh's

17  infringement of the '427 Patent has been, and continues to be, willful and deliberate,

18  and has injured and continues to injure PharmaStem.  Complaint ¶¶ 26-28.

## III.    ARGUMENT

**A.    PharmaStem's '427 Patent is Entitled to a Presumption of Validity.**

21  35 U.S.C. § 282 states that a "patent shall be presumed valid" and that "[t]he

22  burden of establishing invalidity of a patent or any claim thereof shall rest on the

23  party asserting such invalidity."  The presumption of validity exists at every stage of

26    [1] Defendant is neither an infant nor an incompetent person.  Fox Decl., ¶ 5.  Further,

27  Defendant is not in military service or otherwise exempted under the Soldiers' or Sailors' Civil

Relief Act of 1940.  *Id.*¶

092104/1250[Document4]

1  the litigation. "[W]here the challenger fails to identify any persuasive evidence of
2  invalidity, the very existence of the patent satisfies the patentee's burden on the
3  validity issue." *Canon Computer Sys., Inc. v. Nu-Kote Intl, Inc.*, 134 F.3d 1085,
4  1088 (Fed. Cir. 1998). Thus, PharmaStem's '427 Patent is entitled to a presumption
5  of validity.

6  **B.    Dr. Farbakhsh Infringes PharmaStem's '427 Patent.**

7      PharmaStem's '427 Patent is directed to methods of using and storing Cord
8  Blood for therapeutic uses. Complaint, ¶ 20. PharmaStem brought this action
9  against Dr. Farbakhsh because, as a physician, Dr. Farbakhsh has collected Cord
10  Blood which one or more of the Unlicensed Cord Blood Banks processed,
11  cryopreserved, and stored for future therapeutic use. Complaint, ¶ 21.
12  Dr. Farbakhsh, therefore, has been, and continues to infringe the '427 Patent under
13  35 U.S.C. § 271 by making, using, selling and/or offering to sell the methods
14  claimed in the '427 Patent, and will continue to do so until enjoined by the Court.
15  Furthermore, Dr. Farbakhsh's infringement of the '427 Patent has been, and
16  continues to be, willful and deliberate and has injured and continues to injure
17  PharmaStem. Thus, Dr. Farbakhsh's collection of Cord Blood for storage and
18  processing in connection with the Unlicensed Cord Blood Banks infringes
19  PharmaStem's '427 Patent.

20  **C.    Default Judgment Should Be Entered Against Dr. Farbakhsh**
21      **Based On A Failure To Answer Or Otherwise Respond.**

22      **1.    Dr. Farbakhsh should be deemed to have admitted each and**
23          **every factual allegation of infringement set out in the**
          **complaint.**

24      On a motion for entry of default judgment, allegations of fact in the
25  complaint are taken as true unless they are contradictory on the document's face.
26  The party in default is deemed to have admitted each and every factual allegation of
27  infringement set out in the complaint. *Kelley v. Carr*, 567 F. Supp. 831, 840 (W.D.
28  Mich. 1983). Accordingly, for the purposes of default, Dr. Farbakhsh should be

- 3 -

1   deemed to have admitted each and every factual allegation of infringement set out

2   against it in PharmaStem's Complaint. In particular, PharmaStem alleges that Dr.

3   Farbakhsh has been and is still infringing, contributorily infringing and/or inducing

4   the infringement of the '427 Patent by making, using, selling and/or offering for sale

5   methods claimed in the '427 Patent, and will continue to do so unless enjoined by

6   this Court; that Dr. Farbakhsh's infringement of the '427 Patent has injured and

7   continues to injure PharmaStem, unless enjoined by the Court; and, that Dr.

8   Farbakhsh's infringement of the '427 Patent has been and continues to be willful

9   and deliberate. Complaint, ¶¶ 17-28.

10      **2.    PharmaStem is entitled to a determination of liability against
             Defendant.**

11          The default itself establishes Dr. Farbakhsh's liability. "Upon default the

12  well-pleaded allegations of a complaint relating to liability are taken as true."

13  *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323

14  (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir.

15  1987). *See also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d

16  155, 159 (2nd Cir. 1992) (if proximate cause is properly alleged in the complaint, it

17  is admitted upon default). Accordingly, as discussed above, PharmaStem has

18  properly alleged Dr. Farbakhsh's liability surrounding its unauthorized infringement

19  of the '427 Patent.

20          Under 35 U.S.C. §271:

21

22      (a)    Except as otherwise provided in this title, whoever without
                authority makes, uses, offers to sell, or sells any patented
23              invention, within the United States or imports into the United
                States any patented invention during the term of the patent
24              therefore, infringes the patent.

25      (b)    Whoever actively induces infringement of a patent shall be
                liable as an infringer.

26      (c)    Whoever offers to sell or sells within the United States or
                imports into the United States a component of a patented
27              machine, manufacture, combination of composition, or a
                material or apparatus for use in practicing a patented process,
28              constituting a material part of the invention, knowing the same

                                    - 4 -

092104/1250[Document4]

to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

Therefore, as pled in its Complaint, PharmaStem is entitled to a determination of liability against Dr. Farbakhsh for the infringement of the '427 Patent, as discussed above.

**D.    PharmaStem Is Entitled To Injunctive Relief.**

Every patent grants to the patentee "the right to exclude others from making, using, selling or offering for sale" the invention of the patent. 35 U.S.C. § 154; *see also Smith Int'l, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1577 (Fed. Cir. 1983). "[A] patent is, at its heart, the right to exclude another" from practicing the patented invention. *Wesley Jessen Corp. v. Bausch & Lomb, Inc.*, 209 F.Supp.2d 348, 402 (D. Del. 2002). Notice to Dr. Farbakhsh and this lawsuit notwithstanding, Dr. Farbakhsh continues to infringe PharmaStem '427 Patent in violation of 35 U.S.C. § 271 through collecting Cord Blood for storage and processing at Unlicensed Cord Blood Banks. Accordingly, the Court has the authority to halt infringement of patents through injunctive relief. 35 U.S.C. § 283 (Courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by a patent, on such terms as the court deems reasonable.")

In patent cases, "[i]t is the general rule that an injunction will issue when infringement has been adjudged, absent a sound reason for denying it." *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1247 (Fed. Cir. 1989); *W.L. Gore & Assoc., Inc. v. Garlock, Inc.*, 842 F.2d 1275, 1281 (Fed. Cir. 1988) (reversing lower court's decision to refuse injunction, stating that "injunctive relief against an adjudged infringer is usually granted.") Furthermore, where there has been a determination that claims of a patent are infringed, "the decision to grant an injunction … is ordinarily quite straightforward." *Wesley Jessen*, 209 F.Supp.2d at 403 (permanent injunction granted).

- 5 -

092104/1250{Document4}

1    Here PharmaStem is seeking to exercise its statutory right to exclude

2    following the entry of default judgment by the clerk of this Court in favor of

3    PharmaStem on its claims of willful infringement.  No sound reason exists in the

4    present case to deny a permanent injunction against Dr. Farbakhsh from continuing

5    unauthorized infringement of the '427 Patent.

6       **1.    The Principles of Equity Support An Injunction.**

7          **a.    Grant Of Injunctive Relief Is In The Public Interest.**

8    There is a strong public interest in protecting a patentee's right to exclude

9    others under the patent laws.  *See E.I. du Pont de Nemours v. Polaroid Graphics*

10   *Imaging, Inc.*, 706 F.Supp. 1135, 1146 (D.Del.)("[i]f inventors cannot depend on

11   their patents to exclude others, we fear that research and development budgets in

12   the science and technology based industries would shrink, resulting in the public no

13   longer benefiting from the labors of these talented people."), *aff'd* 887 F.2d 1095

14   (Fed. Cir. 1989); *Smith*, 718 F.2d at 1581 ("public policy favors protection of the

15   rights secured by valid patents").  The Federal Circuit has explained that, once

16   "[i]nfringement ha[s] been established, it is contrary to the laws of property, of

17   which the patent law partakes, to deny the patentee's right to exclude others from

18   use of his property." *Richardson*, 868 F.2d at 1247.

19   Furthermore, it is also in the public interest to issue an injunction against Dr.

20   Farbakhsh because there are currently sixteen licensees of the '427 Patent (the

21   "Licensed Cord Blood Banks")[2] whose interests, as well as that of the public, will

22   be best served if the Court supports the rights of the patentee in this case to prevent

23   the unlicensed practice of the invention. *See E.I. du Pont de Nemours & Co. v.*

24

25       [2] The sixteen Licensed Cord Blood Banks include: Alpha Cord, California Cryobank,
     CureSource, Inc. Cryobank for Oncologic and Reproductive Donors, Cord Partners, Cryobanks
26   International, GeneAngel, HemaStem Therapeutics, LifeBank USA, Lifestor, New England Cord
     Blood Bank, Newborn Blood Banking, Norton Hospitals/Family Link, Securacell, StemBanc and
27   StemCyte (Cord Blood Family Trust).  Exhibit B to Fox Decl.

28

092104/1250[Document4]

1  *Phillips Petroleum Co.*, 711 F.Supp. 1205, 1228 (D.Del. 1989)(permanent

2  injunction granted).

3       In addition, because PharmaStem's sixteen licensees practice the inventions

4  claimed in the '427 Patent, this case is not one of the "rare instances" in which a

5  permanent injunction would "frustrate an important public need for the invention."

6  *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1547 (Fed. Cir. 1995)(en

7  banc)(stating that a permanent injunction may be denied in rare instances when the

8  patentee did not practice the claimed invention or the accused product served an

9  important public need). The Licensed Cord Blood Banks offer to collect,

10 cryopreserve, and store umbilical cord blood stem cells for future therapeutic use.

11 To the extent there is any public need for the invention, Dr. Farbakhsh may collect

12 Cord Blood in connection with any of the Licensed Cord Blood Banks, and promote

13 the Cord Blood services of any of the Licensed Cord Blood Banks (as well as any

14 future licensees), in order to provide the patented technology to the public.

15              **b.    PharmaStem Is Suffering Irreparable Harm And Has**
               **No Adequate Legal Remedy.**

16

17      The principles of equity support protecting PharmaStem's patents, including

   the '427 Patent, from continued infringement because PharmaStem is suffering
18
   irreparable harm and has no adequate legal remedy. *See Boehringer Ingelheim*
19
   *Vetmedica, Inc. v. Schering-Plough Corp.*, 106 F.Supp.2d 696, 700 (D.N.J. 2000);
20
   *E.I. du Pont*, 711 F.Supp. at 1227-28. As a matter of law, PharmaStem is entitled to
21
   a presumption of irreparable harm because the default judgment when entered
22
   established that Dr. Farbakhsh is willfully infringing valid and enforceable claims
23
   of the '427 Patent. *See Richardson*, 868 F.2d at 1247 (once a party establishes that
24
   a patent is infringed and not invalid, irreparable harm is presumed); *Polymer Techs.*
25
   *v. Bridwell*, 103 F.3d 970, 975 (Fed. Cir. 1996)("[b]ecause of the very nature of a
26
   patent, which provides the right to exclude, infringement of a valid patent
27
   inherently causes irreparable harm"). "This presumption derives in part from the
28

- 7 -

1    finite term of the patent grant, for patent expiration is not suspended during

2    litigation, and the passage of time can work irremediable harm." *H.H. Robertson*

3    *Co. v. United Steel Deck, Inc.*, 820 F.2d 384, 390 (Fed. Cir. 1987)(affirmed grant of

4    injunctive relief).

5                       **(i)     PharmaStem Is Being Irreparably Harmed In**
                                 **The Marketplace.**
6
          Another critical fact in establishing irreparable harm is that Dr. Farbakhsh's
7
     continued infringement will have "market effects never fully compensable in
8
     money." *Atlas Powder Co. v. Ireco Chemicals*, 773 F.2d 1230, 1233 (Fed. Cir.
9
     1985)("The patent statute further provides injunctive relief to preserve the legal
10
     interests of the parties *against future infringement* which may have market effects
11
     never fully compensable in money."); *Fisher-Price, Inc. v. Safety 1ˢᵗ, Inc.*, 279
12
     F.Supp.2d 526 (D.Del. 2003)(permanent injunction granted).  Since PharmaStem's
13
     business relies upon its ability to enforce and license its patents, including the '427
14
     Patent, Dr. Farbakhsh's continued infringement will have immeasurable effects on
15
     its ability to continue its business, including undermining PharmaStem's ability to
16
     obtain additional licenses to its patents.  PharmaStem's existing licensees currently
17
     face the difficulty of directly competing with the Unlicensed Cord Blood Banks that
18
     are not burdened with the licensing fees required of the Licensed Cord Blood
19
     Banks.  Dr. Farbakhsh should therefore be enjoined from collecting Cord Blood and
20
     promoting the Cord Blood services of such Unlicensed Cord Blood Banks.
21
                       **(ii)     Money Cannot Compensate PharmaStem.**
22
          PharmaStem also seeks an injunction against Dr. Farbakhsh because money
23
     damages cannot make PharmaStem whole for the same reasons discussed above.
24
     Because the primary right afforded by a patent is the right to exclude others from
25
     practicing the claimed invention, and because that right is only of a limited
26
     duration, *see* 35 U.S.C. § 154, "the nature of the patent grant ... weighs against
27
     holding that monetary damages will always suffice to make the patentee whole."
28

- 8 -

1   *H.H. Robertson*, 820 F.2d at 387-88.  Thus, "[w]hile monetary relief is often the
2   sole remedy for past infringement, it does not follow that a money award is also the
3   sole remedy against future infringement." *Atlas Powder*, 773 F.2d at 1233
4   (affirming injunctive relief).  In fact, an injunction is the appropriate remedy for
5   preventing *future* infringement.  *See H.H.* Robertson, 820 F.2d at 387-88*; DuPont*,
6   711 F.Supp. at 1227.

7          Faced with such circumstances, courts have recognized that, absent the
8   ability to obtain injunctive relief, "the right to exclude granted by the patent would
9   be diminished, and the express purpose of the Constitution, to promote the progress
10   of the useful arts, would be seriously undermined.  The patent owner would lack
11   much of the leverage, afforded by the right to exclude, to enjoy the full value of his
12   invention in the market place." *Smith*, 718 F.2d 1573, 1578 (Fed. Cir. 1983).
13   Accordingly, "[w]ithout the right to obtain an injunction, the patentee's right to
14   exclude would have only a fraction of the value it was intended to have, and would
15   no longer be as great an incentive to engage in the toils of scientific and
16   technological research." *Id.*  No sound reasons exist for denying PharmaStem's
17   right to exclude Dr. Farbakhsh from infringing its property in light of the
18   irreparable harm that PharmaStem is suffering and the lack of an adequate legal
19   remedy available to it.

20          **2.      The Balance of Hardships Tip in PharmaStem's Favor.**
21          PharmaStem has a strong interest in protecting its right to exclude Dr.
22   Farbakhsh from the continued unauthorized infringement of its '427 Patent.
23   PharmaStem's primary source of income presently is the licensing revenues from its
24   patents, including the '427 Patent.  As described above, the health of its business is
25   largely based on its ability to enjoy all the rights it is entitled to by virtue of its
26   Patents, including its statutory right to exclude Dr. Farbakhsh from infringement.
27   *See Atlas Powder*, 773 F.2d at 1233 ("statutory right to exclude others from
28   making, using or selling the patented invention").

- 9 -

092104/1250{Document4}

1  In contrast, if enjoined, Dr. Farbakhsh will simply be required to cease
2 collection of Cord Blood for, and the promotion of, the four Unlicensed Cord Blood
3 Banks, but will be able to collect Cord Blood for storage and processing with any of
4 the sixteen Licensed Cord Blood Banks, as well as promote the Cord Blood services
5 of the Licensed Cord Blood Banks.  Moreover, PharmaStem is narrowly tailoring
6 the scope of injunctive relief to reflect this.  The injunction merely prevents Dr.
7 Farbakhsh from (1) collecting umbilical cord blood stem cells for processing and
8 storage with the Unlicensed Cord Blood Banks and (2) promoting the Cord Blood
9 services of the Unlicensed Cord Blood Banks.  PharmaStem is limiting the scope of
10 the injunction because it wants families to have access to a potentially life saving
11 service offered by Dr. Farbakhsh when offered in connection with one of the
12 sixteen Licensed Cord Blood Banks.

13  Furthermore, the principles of equity favor a grant of injunctive relief
14 because, as noted earlier, the '427 Patent does not have many more years to run.
15 *See H.H. Robertson*, 802 F.2d at 391 (noting the lower court's observation that
16 since the patent did not have many more years to run, the "equities weigh heavily
17 against the wrongdoer")(internal citations omitted); *Richardson*, 868 F.2d at 1247
18 (noting that the patent will expire in less than four years).  Here, the majority of the
19 term for the '427 Patent has passed as the remaining life of the '427 Patent is about
20 six years.  Accordingly, the principles of equities weigh in favor of granting
21 PharmaStem injunctive relief for the remainder of the life of the '427 Patent.  For
22 these reasons, the principles of equity favor permitting PharmaStem to exercise its
23 statutory right to exclude.

24  **3. The Proposed Injunction Is Appropriate.**

25  A permanent injunction must be of sufficient scope to prevent further
26 infringement of the asserted claims of the '427 Patent.  PharmaStem respectfully
27 submits that the attached injunction will be adequate to prevent further infringement
28

- 10 -

092104/1250[Document4]

1   and, at the same time, provide clear notice to Dr. Farbakhsh of the type of conduct
2   that is prohibited.

3     The injunction language is in accordance with Rule 65(d) of the Federal
4   Rules of Civil Procedure because it states with particularity the proscribed conduct.
5   The language also comports with 35 U.S.C. § 283 because it prohibits Dr.
6   Farbakhsh's conduct only to the extent necessary to "prevent the violation" of the
7   '427 Patent.

8     Based on the foregoing, PharmaStem requests an order from the Court that
9   Dr. Farbakhsh is enjoined from collecting Cord Blood in connection with any
10   Unlicensed Cord Blood Banks and from promoting the service offered by the
11   Unlicensed Cord Blood Banks.

12   **E. PharmaStem Is Entitled To Its Attorney's Fees and Costs.**

13     The Clerk of the Court entered default against Dr. Farbakhsh on September
14   17, 2004. Given the entry of default, the facts alleged in the Complaint by
15   PharmaStem are to be accepted by this Court as true. *See Geddes v. United*
16   *Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). Because Dr. Farbakhsh's
17   liability and the factual allegations in the Complaint are accepted as true and
18   PharmaStem is only seeking as damages its attorney's fees and costs incurred in
19   filing this action, serving Dr. Farbakhsh and bringing this application for default
20   judgment. An award of attorney's fees is warranted in this case based on Dr.
21   Farbakhsh's willful infringement of PharmaStem's '427 Patent. 35 U.S.C. § 285.
22   Upon entry of judgment, Plaintiff will submit a motion for fees, a bill of costs and
23   an application to the Clerk to tax costs in accordance with Fed.R.Civ.P. 54 and
24   Local Rules 54 and 55.

25           **IV. CONCLUSION**

26     A permanent injunction is appropriate because Dr. Farbakhsh has infringed,
27   and continues to intentionally infringe the '427 Patent, causing irreparable injury to
28   PharmaStem. Attorneys' fees are also appropriate in this case of willful

- 11 -

092104/1250{Document4}

1    infringement. PharmaStem respectfully requests that this Court grant its

2    Application for Default Judgment against Dr. Farbakhsh, award PharmaStem the

3    requested attorneys' fees and enter an order of permanent injunction enjoining Dr.

4    Farbakhsh from infringing PharmaStem's '427 Patent.

5

6    DATED: September 21, 2004

7

8                                      **PERKINS COIE LLP**

9

10                   By  _Amanda Fox_

11                        Amanda M. Fox
                          Attorneys for Plaintiff
12                        PharmaStem Therapeutics. Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

092104/1250[Document4]

1  Paul J. Andre (State Bar No. 196585)
   Lisa Kobialka (State Bar No. 191404)
2  Amanda M. Fox (State Bar No. 212939)
3  PERKINS COIE LLP
   101 Jefferson Drive
4  Menlo Park, California  94025
5  Telephone: (650) 838-4300
   Facsimile:  (650) 838-4350
6
7  Attorneys for PharmaStem Therapeutics, Inc.

8              UNITED STATES DISTRICT COURT
9            CENTRAL DISTRICT OF CALIFORNIA

10  PHARMASTEM THERAPEUTICS,
11  INC., a Delaware corporation,
                    Plaintiff,              **Civil Action No.: SACV-04-921**
12          v.                              **GLT (ANX)**
13  CURESOURCE, INC., a South Carolina
    corporation, MONICA ASZLERBAUM,        **PROOF OF SERVICE**
14  an individual, ANDREW CASSIDENTI,
15  an individual, EUNICE U. LEE, an
    individual, CARLA WELLS, an
16  individual, ANITA YORK, an
17  individual, ELIOT ROMERO, an
    individual, KATHY ANDERSON, an
18  individual, NASRIN FARBAKHSH, an
19  individual, BRUCE A. HAGADORN, an
    individual, RAJASREE T. SESHADRI,
20  an individual, ARTHUR GOLDSTEIN,
21  an individual, and CHARLES W.
    MONIAK, an individual,
22                  Defendants.
23
24
25
26
27
28

                                          PROOF OF SERVICE
                                          [BY042520082]

**PROOF OF SERVICE - MESSENGER**

(C.C.P. § 1011)
(F.R.C.P. 5(b))

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am and was at all times herein mentioned employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action or proceeding. My business address is First Legal Support Services, 1511 W. Beverly Boulevard, Los Angeles, California 90026..

On September 21, 2004, I served true copies of the following documents:

**(1) PLAINTIFF PHARMASTEM THERAPEUTICS, INC.'S APPLICATION FOR DEFAULT JUDGMENT BY COURT; DECLARATION OF AMANDA M. FOX IN SUPPORT THEREOF; PROPOSED ORDER FOR DEFAULT JUDGMENT AND ENTRY OF PERMANENT INJUNCTION and**

**(2) PROOF OF SERVICE**

on the interested parties in this action by hand-delivering true copies thereof to the following:

Nasrin Farbakhsh
801 N. Tustin
Santa Ana, CA 92701

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct; that I contracted to provide delivery services with a member of the Bar of this Court at whose direction this service was made; and that this Proof of Service was executed on September 21, 2004, at Los Angeles, California.

_____
[Signature]

_____
[Printed Name]

2

**PROOF OF SERVICE – U.S. MAIL**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am and was at all times herein mentioned employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action or proceeding. My business address is 1620 26th Street, Sixth Floor, Santa Monica, California 90404.

    On September 21, 2004, I served a true copy of: **(1) PLAINTIFF PHARMASTEM THERAPEUTICS, INC.'S APPLICATION FOR DEFAULT JUDGMENT BY COURT; DECLARATION OF AMANDA M. FOX IN SUPPORT THEREOF; PROPOSED ORDER FOR DEFAULT JUDGMENT AND ENTRY OF PERMANENT INJUNCTION and (2) PROOF OF SERVICE**

    on the interested parties in this action by placing said document enclosed in a sealed envelope (for collection and mailing, with postage thereon fully prepaid, on the same date, following ordinary business practices) in an internal collection basket, addressed as follows:

Nasrin Farbakhsh            William F. Abrams, Esq.
801 N. Tustin                Thomas F. Chaffin, Esq.
Santa Ana, CA 92701        Phillsbury Winthrop LLP
                              2475 Hanover Street
                              Palo Alto, CA 94304-1114

I am readily familiar with this business's practices concerning collection and processing of correspondence for mailing with the United States Postal Service, and declare that correspondence is deposited with the United States Postal Service on the same day it is internally collected at Perkins Coie LLP in the ordinary course of business.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct; that I am employed in the office of a member of the Bar of this Court at whose direction this service was made; and that this Proof of Service was executed on September 21, 2004, at Santa Monica, California.

_____
*May Chan*

3