1   PILLSBURY WINTHROP LLP
    William F. Abrams (State Bar No. 88805)
2   Thomas F. Chaffin (State Bar No. 112368)
    2475 Hanover Street
3   Palo Alto, CA 94304-1114
    Telephone: (650) 233-4500
4   Facsimile:  (650) 233-4545

5   Attorneys for Defendants and Counterclaimants
    Monica Aszterbaum, M.D., Andrew Cassidenti, M.D.,
6   Eunice U. Lee, M.D., Carla Wells, M.D., Anita York, M.D.,
    Bruce A. Hagadorn, M.D., Rajasree T. Seshadri, M.D., and
7   Arthur Goldstein, M.D.



8

9

         UNITED STATES DISTRICT COURT
        CENTRAL DISTRICT OF CALIFORNIA
           SOUTHERN DIVISION

10   PHARMASTEM THERAPEUTICS, INC., a )
     Delaware corporation,               )
11                    Plaintiff,  )
                               )
12       vs.                          )
                               )
13   CURESOURCE, INC., a South Carolina  )
     corporation, MONICA ASZTERBAUM, an )
14   individual, ANDREW CASSIDENTI, an   )
     individual, EUNICE U. LEE, an individual, )
15   CARLA WELLS, an individual, ANITA   )
     YORK, an individual, ELIOT ROMERO, an )
16   individual, KATHY ANDERSON, an    )
     individual, NASRIN FARBAKHSH, an   )
17   individual, BRUCE A. HAGADORN, an  )
     individual, RAJASREE T. SESHADRI, an  )
18   individual, ARTHUR GOLDSTEIN, an   )
     individual, and CHARLES W. MONIAK, an )
19   individual,                       )
                    Defendants.  )
20   MONICA ASZTERBAUM, ANDREW   )
     CASSIDENTI, EUNICE U. LEE, CARLA  )
21   WELLS, ANITA YORK, BRUCE A.    )
     HAGADORN, RAJASREE T. SESHADRI, )
22   and ARTHUR GOLDSTEIN,        )
                               )
23        Counterclaimants,     )
                               )
24       vs.                        )
                               )
25   PHARMASTEM THERAPEUTICS, INC., )
     a Delaware corporation,           )
26                                )
                               )
27        Counterdefendant.     )

28

**Case No. SA-CV-04-921 GLT-(ANx)**

**ANSWER AND COUNTERCLAIMS FOR:**

1. **NON-INFRINGEMENT OF THE '427 PATENT**
2. **INVALIDITY OF THE '427 PATENT**
3. **UNENFORCEABILITY OF THE '427 PATENT**

**JURY TRIAL DEMANDED**

1 5 2



1       Counterclaimants and defendants Monica Aszterbaum ("Aszterbaum"), Andrew

2   Cassidenti ("Cassidenti"), Eunice U. Lee ("Lee"), Carla Wells ("Wells"), Anita York

3   ("York"), Bruce A. Hagadorn ("Hagadorn"), Rajasree T. Seshadri ("Seshadri"), and Arthur

4   Goldstein ("Goldstein") (referred to individually and collectively as "Doctor Defendants")

5   respond to the Complaint for Patent Infringement (the "Complaint") filed by Pharmastem

6   Therapeutics Inc. ("PharmaStem") as follows.

**THE PARTIES**

7

8      1.     Doctor Defendants admit that PharmaStem purports to be a Delaware

9   corporation with a principal place of business in the State of New York, located at 69

10  Prospect Avenue, Larchmont, New York, 10538. Except as admitted, Doctor Defendants

11  are without knowledge or information sufficient to form a belief as to the truth of the

12  allegations of Paragraph 1 of the Complaint, and therefore deny them.

13

14     2.     Doctor Defendants are without knowledge or information sufficient to form

15  a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore

16  deny them.

17

18     3.     Aszterbaum, erroneously identified as "Aszlerbaum" in the Complaint,

19  admits that she is licensed to practice medicine and practices medicine at 4050 Barranca

20  Parkway, Irvine, California.

21

22     4.     Cassidenti admits that he is licensed to practice medicine and practices

23  medicine at 4050 Barranca Parkway, Irvine, California.

24

25     5.     Lee admits that she is licensed to practice medicine and practices medicine

26  at 1441 Avocado, Suite 608, Newport Beach, California.

27

28     6.     Wells admits that she is licensed to practice medicine and practices

1   medicine at 4050 Barranca Parkway, Irvine, California.

2

3   7.    York admits that she is licensed to practice medicine and practices medicine

4   at 4050 Barranca Parkway, Irvine, California.

5

6   8.    Doctor Defendants are without knowledge or information sufficient to form

7   a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and therefore

8   deny them.

9

10  9.    Doctor Defendants are without knowledge or information sufficient to form

11  a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and therefore

12  deny them.

13

14  10.    Doctor Defendants are without knowledge or information sufficient to form

15  a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and therefore

16  deny them.

17

18  11.    Hagadorn admits that he is licensed to practice medicine and practices

19  medicine at 16300 Sand Canyon Ave #207, Irvine, California.

20  12.    Seshadri admits that he is licensed to practice medicine and practices

21  medicine at 16300 Sand Canyon Ave #207, Irvine, California.

22

23  13.    Goldstein admits that he is licensed to practice medicine and practices

24  medicine at 1441 Avocado, Suite 608, Newport Beach, California.

25

26  14.    Doctor Defendants are without knowledge or information sufficient to form

27  a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and therefore

28  deny them.

1

2

3

**JURISDICTION**

4

5    15.    Doctor Defendants admit that the Complaint purports to be an action arising

6    under the Patent Act, 35 U.S.C. §§ 271 *et seq*.  Doctor Defendants admit that this Court has

7    subject matter jurisdiction.

8

**VENUE**

9

10    16.    Doctor Defendants do not dispute that personal jurisdiction and venue may

11    be proper in this district with respect to Doctor Defendants.  Doctor Defendants are without

12    knowledge or information sufficient to form a belief as to the truth of the allegations

13    regarding the other parties, contained in Paragraph 16, and therefore deny those allegations.

14    Answering further, Doctor Defendants state that the remainder of PharmaStem's allegations

15    in Paragraph 16 are legal conclusions to which no response is required, and Doctor

16    Defendants therefore deny the remaining allegations of this Paragraph.

17

18

**PLAINTIFF'S PATENTS**

19

20    17.    Doctor Defendants admit that a copy of a document purporting to be U.S.

21    Patent No. 6,569,427 B1 (the "'427 Patent") was attached to the Complaint as Exhibit 1.

22    Defendant Doctors admit that the document at Exhibit 1 of the Complaint is entitled

23    ISOLATION AND PRESERVATION OF FETAL AND NEONATAL HEMATOPOIETIC

24    STEM AND PROGENITOR CELLS OF THE BLOOD and purports to have been issued

25    on or about May 27, 2003, and purports to have been filed on or about May 16, 1995.

26    Answering further, Doctor Defendants are without knowledge or information sufficient to

27

28

60372644v1                              - 4 -                    RESPONSE TO COMPLAINT
                                                                 Case No. SACV04-921 GLT

1   form a belief as to the truth of the remaining allegations of Paragraph 17 of the Complaint,

2   and therefore deny them.

3

4          18.     Doctor Defendants admit that a copy of a document purporting to be U.S.

5   Patent No. 5,004,681 (the "'681 Patent") was attached to the Complaint as Exhibit 2. The

6   U.S. Patent and Trademark Office ("U.S. PTO") ordered a reexamination of the '681 Patent

7   after the filing of this lawsuit. The U.S. PTO ordered the reexamination because there is a

8   substantial new question of the patentability with respect to the '681 Patent. PharmaStem

9   has not accused Doctor Defendants of infringing the '681 Patent. Answering further,

10  Doctor Defendants are without knowledge or information sufficient to form a belief as to

11

12  the truth of the remaining allegations of Paragraph 18 of the Complaint, and therefore deny

13  them.

14

15         19.     Doctor Defendants admit that a copy of a document purporting to be U.S.

16  Patent No. 6,461,645 B1 (the "'645 Patent") was attached to the Complaint as Exhibit 3.

17  PharmaStem has not accused Doctor Defendants of infringing the '645 Patent. Answering

18  further, Doctor Defendants are without knowledge or information sufficient to form a belief

19  as to the truth of the remaining allegations of Paragraph 19 of the Complaint, and therefore

20  deny them.

21

22         20.     To the extent Paragraph 20 of the Complaint constitutes conclusions of law,

23  no response is required. Doctor Defendants deny the remaining allegations of Paragraph 20

24  of the Complaint, which appear to be attempts by PharmaStem to summarize certain aspects

25  of the '681 Patent, the '645 Patent and the '427 Patent. The '681 Patent, the '645 Patent

26  and '427 Patent speak for themselves.

27

28

1

2                                  **PATENT INFRINGEMENT**

3          21.    Doctor Defendants are without knowledge or information sufficient to form

4   a belief as to the truth of the allegations of Paragraph 21 of the Complaint, and therefore

5   deny them.

6          22.    Doctor Defendants are without knowledge or information sufficient to form

7   a belief as to the truth of the allegations regarding Curesource, Inc. ("Curesource")

8   contained in Paragraph 22 of the Complaint, and therefore deny them.

9          23.    Doctor Defendants are without knowledge or information sufficient to form

10  a belief as to the truth of the allegations regarding Curesource contained in Paragraph 23 of

11  the Complaint, and therefore deny them.

12         24.    Doctor Defendants are without knowledge or information sufficient to form

13  a belief as to the truth of the allegations regarding Curesource contained in Paragraph 24 of

14  the Complaint, and therefore deny them.

15                                 **FIRST CAUSE OF ACTION**

16                                **(Infringement of the '427 Patent)**

17         25.    With respect to Paragraph 25 of the Complaint, Doctor Defendants repeat

18  and incorporate by reference their admissions and denials of the allegations in Paragraphs 1

19  through 24 above.

20         26.    Doctor Defendants deny the allegations of Paragraph 26 of the Complaint

21  with respect to Doctor Defendants.  Doctor Defendants are without knowledge or

22  information sufficient to form a belief as to the truth of the remaining allegations of

23  Paragraph 26 of the Complaint, and therefore deny them.

24         27.    Doctor Defendants deny the allegations of Paragraph 27 of the Complaint

25  with respect to Doctor Defendants.  Doctor Defendants are without knowledge or

26  information sufficient to form a belief as to the truth of the remaining allegations of

27  Paragraph 27 of the Complaint, and therefore deny them.

28         28.    Doctor Defendants deny the allegations of Paragraph 28 of the Complaint

1    with respect to Doctor Defendants.  Doctor Defendants are without knowledge or

2    information sufficient to form a belief as to the truth of the remaining allegations of

3    Paragraph 28 of the Complaint, and therefore deny them.

4                              **SECOND CAUSE OF ACTION**

5                              **(Infringement of the '645 Patent)**

6          29.    With respect to Paragraph 29 of the Complaint, Doctor Defendants repeat

7    and incorporate by reference their admissions and denials of the allegations in Paragraphs 1

8    through 24 above.

9          30.    Doctor Defendants are without knowledge or information sufficient to form

10    a belief as to the truth of the allegations regarding Curesource contained in Paragraph 30 of

11    the Complaint, and therefore deny those allegations.

12          31.    Doctor Defendants are without knowledge or information sufficient to form

13    a belief as to the truth of the allegations regarding Curesource contained in Paragraph 31 of

14    the Complaint, and therefore deny those allegations.

15          32.    Doctor Defendants are without knowledge or information sufficient to form

16    a belief as to the truth of the allegations regarding Curesource contained in Paragraph 32 of

17    the Complaint, and therefore deny those allegations.

18                              **THIRD CAUSE OF ACTION**

19                              **(Infringement of the '681 Patent)**

20          33.    With respect to Paragraph 33 of the Complaint, Doctor Defendants repeat

21    and incorporate by reference their admissions and denials of the allegations in Paragraphs 1

22    through 24 above.

23          34.    Doctor Defendants are without knowledge or information sufficient to form

24    a belief as to the truth of the allegations regarding Curesource contained in Paragraph 34 of

25    the Complaint, and therefore deny those allegations.

26          35.    Doctor Defendants are without knowledge or information sufficient to form

27    a belief as to the truth of the allegations regarding Curesource contained in Paragraph 35 of

28    the Complaint, and therefore deny those allegations.

1      36.    Doctor Defendants are without knowledge or information sufficient to form

2  a belief as to the truth of the allegations regarding Curesource contained in Paragraph 36 of

3  the Complaint, and therefore deny those allegations.

4                  **PRAYER FOR RELIEF**

5      Doctor Defendants deny that PharmaStem is entitled to any of the relief requested in

6  the Complaint, including subparagraphs (A) through (E) thereof, or to any relief against

7  Defendant Doctors.

8      To the extent any allegations in the Complaint are not addressed, specifically or

9  generally, in the paragraphs above, such allegations are hereby denied.

10                  **ADDITIONAL DEFENSES**

11      As for its separate and additional defenses, Doctor Defendants allege as follows:

12                  **FIRST ADDITIONAL DEFENSE**

13      37.    The Complaint fails to state a claim against Doctor Defendants upon which

14  relief can be granted.

15                  **SECOND ADDITIONAL DEFENSE**

16      38.    The '427 Patent is invalid because it fails to comply with the requirements

17  and conditions for patentability established by 35 U.S.C. §§ 102, 103 or 112.

18                  **THIRD ADDITIONAL DEFENSE**

19      39.    Doctor Defendants have not and do not willfully or otherwise infringe,

20  contribute to the infringement, or induce infringement of any valid or enforceable claim of

21  the '427 Patent.

22                  **FOURTH ADDITIONAL DEFENSE**

23      40.    PharmaStem is barred from presenting or seeking an interpretation of the

24  claims necessary to find infringement of the '427 Patent by the Doctor Defendants, either

25  literally or under the Doctrine of Equivalents, by virtue of representations and concessions

26  made to the U.S. PTO during the prosecution of the application that matured into the '427

27  Patent.

28

1          **FIFTH ADDITIONAL DEFENSE**

2          41.      PharmaStem is barred by 35 U.S.C. § 287 from recovering damages for any

3    alleged infringement of the '427 Patent that occurred before the filing of the Complaint and

4    notification to Doctor Defendants alleging infringement of that patent.

5          **SIXTH ADDITIONAL DEFENSE**

6          42.      The '427 Patent is unenforceable because PharmaStem failed to name the

7    correct inventor(s) to the '427 Patent with intent to deceive the U.S. PTO to obtain issuance

8    of the '427 Patent.

9          43.      On information and belief, Pablo Rubinstein ("Rubinstein") made an

10   inventive contribution to the claimed subject matter of the '427 Patent, to the extent the

11   '427 Patent discloses and claims a patentable invention.  Before the filing date of the '427

12   Patent, Rubinstein collaborated with the named inventors of the '427 Patent and contributed

13   to the conception of the invention(s) disclosed and claimed in the '427 Patent.

14   PharmaStem, the named inventors of the '427 Patent and/or the prosecuting patent

15   attorney(s) knew or had reason to know of Rubinstein's role as an inventor and purposely

16   failed to name him as an inventor or co-inventor to the '427 Patent.

17         44.      Additionally, on information and belief, Edward A. Boyse ("Boyse"), a

18   named inventor of the '427 Patent, is not an actual inventor of the '427 Patent to the extent

19   the '427 Patent discloses and claims a patentable invention.  Boyse did not make any

20   inventive contribution to the claimed subject matter of the '427 Patent.  Boyse's alleged

21   contribution to the '427 Patent was merely sharing his "idea" with others that stem cells

22   from cord blood may contain some utility.  Such "contribution" does not entitle Boyse to be

23   named as an inventor.  PharmaStem, the other named inventors of the '427 Patent and/or

24   the prosecuting patent attorney(s) knew or had reason to know that Boyse was not an

25   inventor, but nonetheless purposely named him as an inventor to the '427 Patent with intent

26   to deceive the U.S. PTO to obtain issuance of the '427 Patent.

27

28

1                     **SEVENTH ADDITIONAL DEFENSE**

2        45.    Doctor Defendants reallege and incorporate by reference Paragraphs 42-45

3 above as though set forth herein.

4        46.    The '427 Patent is unenforceable for inequitable conduct because the named

5 inventors and/or the prosecuting attorney of the '427 Patent withheld material information

6 from the U.S. PTO with intent to deceive the U.S. PTO to obtain issuance of the '427

7 Patent.

8        47.    Under 37 C.F.R. § 1.56, PharmaStem was required to disclose all

9 information known to be material to patentability of the '427 Patent during the prosecution

10 of such patent. Information material to patentability includes any information that refutes,

11 or is inconsistent with, a position PharmaStem takes in asserting an argument of

12 patentability. The '427 Patent is unenforceable for inequitable conduct because

13 PharmaStem failed to disclose to the U.S. PTO Rubinstein's prior work (which was in

14 public use) relating to cryopreservation of cord blood before the filing date of the '427

15 Patent. PharmaStem knew of Rubinstein's prior work relating to cryopreservation of cord

16 blood and its materiality to the patentability of the '427 Patent before and during the

17 prosecution of the '427 Patent. PharmaStem purposefully withheld such material

18 information from the U.S. PTO with intent to deceive the U.S. PTO to obtain the issuance

19 of the '427 Patent.

20                     **EIGHTH ADDITIONAL DEFENSE**

21        48.    Doctor Defendants reallege and incorporate by reference Paragraphs 37-47

22 above as though set forth herein.

23        49.    PharmaStem has come into this Court with unclean hands and should

24 therefore be estopped from obtaining any relief. PhamaStem's claim are barred by the

25 doctrine of unclean hands.

26                     **NINTH ADDITIONAL DEFENSE**

27        50.    PharmaStem's claims are barred by the doctrine of collateral estoppel or

28 issue preclusion.

1          **TENTH ADDITIONAL DEFENSE**

2          51.      PharmaStem's claims are barred by the doctrine of patent misuse, by virtue

3    of PharmaStem's efforts to enforce and threats to enforce its patents against persons and

4    activities that are beyond the scope of its patents, and to require persons to refuse from

5    engaging in conduct not covered by the patents as a condition of refraining from suit

6    thereon, as well as by virtue of PharmaStem's efforts to enforce patents that it knows to be

7    invalid and unenforceable.

8          **ELEVENTH ADDITIONAL DEFENSE**

9          52.      The Complaint, and each purported cause of action contained therein, is

10   barred in whole or in part by the doctrines of laches.

11

12          Through further investigation and the discovery process Doctor Defendants may

13   obtain information and knowledge sufficient to raise additional defenses to the claims

14   brought against them and will raise those additional defenses at that time.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

60372644v1                          - 11 -                    RESPONSE TO COMPLAINT
                                                              Case No. SACV04-921 GLT

## COUNTERCLAIMS

Defendants and Counterclaimants Doctor Defendants assert the following counterclaims against PharmaStem.

## THE PARTIES

1.      Defendant and Counterclaimant Aszterbaum, erroneously identified as "Aszlerbaum" in the Complaint, is licensed to practice medicine and practices medicine at 4050 Barranca Parkway, Irvine, California.

2.      Defendant and Counterclaimant Cassidenti is licensed to practice medicine and practices medicine at 4050 Barranca Parkway, Irvine, California.

3.      Defendant and Counterclaimant Lee is licensed to practice medicine and practices medicine at 1441 Avocado, Suite 608, Newport Beach, California.

4.      Defendant and Counterclaimant Wells is licensed to practice medicine and practices medicine at 4050 Barranca Parkway, Irvine, California.

5.      Defendant and Counterclaimant York is licensed to practice medicine and practices medicine at 4050 Barranca Parkway, Irvine, California.

6.      Defendant and Counterclaimant Hagadorn is licensed to practice medicine and practices medicine at 16300 Sand Canyon Ave #207, Irvine, California.

7.      Defendant and Counterclaimant Seshadri is licensed to practice medicine and practices medicine at 16300 Sand Canyon Ave #207, Irvine, California.

8.      Defendant and Counterclaimant Goldstein is licensed to practice medicine and practices medicine at 1441 Avocado, Suite 608, Newport Beach, California.

1        9.        Plaintiff and Counterdefendant PharmaStem is a Delaware corporation with

2    its principal place of business at 69 Prospect Avenue, Larchmont, New York 10538.

3                                        **JURISDICTION**

4        10.        This Court has subject matter jurisdiction over these Counterclaims pursuant

5    to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.  This Court also has personal

6    jurisdiction over Pharmastem with respect to these Counterclaims by virtue, *inter alia*, of

7    Pharmastem submitting to the jurisdiction of this Court by filing the Complaint.  Venue

8    may be proper in this district because Doctor Defendants continue to suffer injury in this

9    judicial district as a result of the matters complained of herein.

10                                   **FIRST COUNTERCLAIM**

11                            **INVALIDITY OF THE '427 PATENT**

12        11.        In the Complaint, PharmaStem alleges that Doctor Defendants infringe the

13    '427 Patent.  Doctor Defendants deny this allegation.  An actual and judiciable controversy

14    exists between PharmaStem and Doctor Defendants with respect to the '427 Patent.

15        12.        Each claim of the '427 Patent is invalid for failure to meet one or more of

16    the conditions of patentability specified in Title 35 of the United States Code, including,

17    *inter alia*, 35 U.S.C. §§ 101, 102, 103 and 112.

18        13.        Doctor Defendants are entitled to a declaratory judgment that the '427 Patent

19    is invalid.

20                                   **SECOND COUNTERCLAIM**

21                       **NON-INFRINGEMENT OF THE '427 PATENT**

22        14.        An actual and judiciable controversy exists between PharmaStem and

23    Doctor Defendants with respect to the non-infringement of the '427 Patent.  Absent a

24    declaration of non-infringement, PharmaStem will continue to wrongfully assert the '427

25    Patent against Doctor Defendants and will thereby cause Doctor Defendants irreparable

26    injury and damage.

27        15.        Doctor Defendants have not and do not and has willfully or otherwise

28    infringe, contribute to the infringement, or actively induce infringement of any valid and

1  enforceable claim of the '427 Patent.

2      16.    By this Counterclaim, Doctor Defendants seek a declaratory judgment that

3  they have not and do not willfully or otherwise infringe, contribute to the infringement, or

4  actively induce infringement of any valid and enforceable claims of the '427 Patent.

5                          **THIRD COUNTERCLAIM**

6              **UNENFORCEABILITY OF THE '427 PATENT**

7      17.    The '427 Patent is unenforceable because PharmaStem failed to name the

8  correct inventor(s) to the '427 Patent with intent to deceive the U.S. PTO to obtain issuance

9  of the '427 Patent.

10      18.    On information and belief, Rubinstein made an inventive contribution to the

11  claimed subject matter of the '427 Patent, to the extent the '427 Patent discloses and claims

12  a patentable invention.  Before the filing date of the '427 Patent, Rubinstein collaborated

13  with the named inventors of the '427 Patent and contributed to the conception of the

14  invention(s) disclosed and claimed in the '427 Patent.  PharmaStem, the named inventors of

15  the '427 Patent and/or the prosecuting patent attorney(s) knew or had reason to know of

16  Rubinstein's role as an inventor and purposely failed to name him as an inventor or co-

17  inventor to the '427 Patent.

18      19.    Additionally, on information and belief, Boyse, a named inventor of the '427

19  Patent, is not an actual inventor of the '427 Patent to the extent the '427 Patent discloses

20  and claims a patentable invention.  Boyse did not make any inventive contribution to the

21  claimed subject matter of the '427 Patent.  Boyse's alleged contribution to the '427 Patent

22  was merely sharing his "idea" with others that stem cells from cord blood may contain

23  some utility.  Such "contribution" does not entitle Boyse to be named as an inventor.

24  PharmaStem, the other named inventors of the '427 Patent and/or the prosecuting patent

25  attorney(s) knew or had reason to know that Boyse was not an inventor, but nonetheless

26  purposely named him as an inventor to the '427 Patent with intent to deceive the U.S. PTO

27  to obtain issuance of the '427 Patent.

28

1      20.    The '427 Patent is also unenforceable for inequitable conduct because the

2  named inventors and/or the prosecuting attorney of the '427 Patent withheld material

3  information from the U.S. PTO with intent to deceive the U.S. PTO to obtain issuance of

4  the '427 Patent.

5      21.    Under 37 C.F.R. § 1.56, PharmaStem was required to disclose all

6  information known to be material to patentability of the '427 Patent during the prosecution

7  of such patent.  Information material to patentability includes any information that refutes,

8  or is inconsistent with, a position PharmaStem takes in asserting an argument of

9  patentability.  The '427 Patent is unenforceable for inequitable conduct because

10  PharmaStem failed to disclose to the U.S. PTO Rubinstein's prior work (which was in

11  public use) relating to cryopreservation of cord blood before the filing date of the '427

12  Patent.  PharmaStem knew of Rubinstein's prior work relating to cryopreservation of cord

13  blood and its materiality to the patentability of the '427 Patent before and during the

14  prosecution of the '427 Patent.  PharmaStem purposefully withheld such material

15  information from the U.S. PTO with intent to deceive the U.S. PTO to obtain the issuance

16  of the '427 Patent.

17      22.    By this Counterclaim, Doctor Defendants seek a declaratory judgment that

18  the '427 Patent is unenforceable.

19                    **PRAYER FOR RELIEF**

20      WHEREFORE, Doctor Defendants requests that this Court:

21      1.    Dismiss PharmaStem's Complaint with prejudice;

22      2.    Deny PharmaStem's request for a judgment that Defendant Doctors have

23  willfully or otherwise infringed, contributed to the infringement of, or induced infringement

24  of the '427 Patent;

25      3.    Determine that PharmaStem is entitled to no damages for, or injunctive relief

26  against, any alleged infringement by Defendant Doctors;

27      4.    Deny PharmaStem's request for injunctive relief;

28      5.    Deny PharmaStem's request for alleged damages;

1    6.    Deny PharmaStem's request for reasonably royalty;

2    7.    Deny PharmaStem's request for trebled or increased damages;

3    8.    Deny PharmaStem's request for prejudgment interest;

4    9.    Deny PharmaStem's request for its attorneys' fees and alleged costs;

5    10.    Determine that PharmaStem take nothing by reason of its Complaint;

6    11.    Determine that this is an extraordinary case and award Doctor Defendants

7    their attorney's fees and litigation expenses under 28 U.S.C. § 1927, 35 U.S.C. § 285, and

8    any other applicable statute or rule;

9    12.    Declare that the '427 Patent is invalid and/or unenforceable;

10    13.    Declare that Doctor Defendants have not and do not willfully or otherwise

11    infringe, contribute to the infringement, or actively induce infringement of any valid and

12    enforceable claim of the '427 Patent; and

13    14.    Award Doctor Defendants such other and further relief as the Court deems

14    appropriate.

15

16

17    Dated:  September 30, 2004.

18                                          PILLSBURY WINTHROP LLP
                                            WILLIAM F. ABRAMS
19                                          THOMAS F. CHAFFIN
                                            2475 Hanover Street
20                                          Palo Alto, CA  94304-1114

21

22    By William F. Abrams

23                                          William F. Abrams

24    Attorneys for Defendants and Counterclaimants
                                            Monica Aszterbaum, M.D., Andrew Cassidenti,
                                            M.D., Eunice U. Lee, M.D., Carla Wells, M.D.,
25                                          Anita York, M.D., Bruce A. Hagadorn, M.D.,
                                            Rajasree T. Seshadri, M.D., and Arthur Goldstein,
26                                          M.D.

27

28

1    **<u>DEMAND FOR JURY TRIAL</u>**

2    Defendants and Counterclaimants Monica Aszterbaum, M.D., Andrew Cassidenti,

3    M.D., Eunice U. Lee, M.D., Carla Wells, M.D., Anita York, M.D., Bruce A. Hagadorn,

4    M.D., Rajasree T. Seshadri, M.D., and Arthur Goldstein, M.D. demand a jury trial for all

5    claims, defenses and issues as provided for in Federal Rule of Civil Procedure 38.

6

7    Dated:  September 30, 2004.

                                        PILLSBURY WINTHROP LLP

8                                            William F. Abrams
                                        Thomas F. Chaffin

9                                            2475 Hanover Street
                                        Palo Alto, CA 94304-1114

10

11                                           By _[signature]_

12                                           Attorneys for Defendants and Counterclaimants
                                        Monica Aszterbaum, M.D., Andrew Cassidenti,

13                                           M.D., Eunice U. Lee, M.D., Carla Wells, M.D.,
                                        Anita York, M.D., Bruce A. Hagadorn, M.D.,

14                                           Rajasree T. Seshadri, M.D., and Arthur Goldstein,
                                        M.D.

15

16

17

18

19

20

21

22

23

24

25

26

27

28