**ORIGINAL**

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>SOUTHERN DIVISION | |
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CURESOURCE, INC., a South Carolina corporation, MONICA ASZLERBAUM, an individual, ANDREW CASSIDENTI, an individual, EUNICE U. LEE, an individual, CARLA WELLS, an individual, ANITA YORK, an individual, ELIOT ROMERO, an individual, KATHY ANDERSON, an individual, NASRIN FARBAKHSH, an individual, BRUCE A. HAGADORN, an individual, RAJASREE T. SESHADRI, an individual, ARTHUR GOLDSTEIN, an individual, and CHARLES W. MONIAK, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Civil Action No.: SACV-04-921 GLT (ANX)<br><br>**CASE MANAGEMENT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**<br><br>[LOCAL RULE 26-1] |







CASE MANAGEMENT REPORT
PURSUANT TO FED. R. CIV. P. 26(f)
Civil Action No.: SACV-04-921 GLT (ANX)

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff and Counterdefendant PharmaStem Therapeutics, Inc. ("PharmaStem") and Defendants and Counterclaimants Monica Aszterbaum, Andrew Cassidenti, Eunice Lee, Carla Wells, Anita York, Bruce Hagadorn, Rajasree Seshadri and Arthur Goldstein (collectively "Defendants") held a telephonic meeting on November 19, 2004.[1] The parties jointly submit this Case Management Report and request the Court to adopt it as its Case Management Order in this case.

## A. Description of the Case

### 1. The parties and the events underlying this action:

PharmaStem alleged that it is the owner of U.S. Patent Nos. 6,569,427 B1 (the "'427 Patent") and 6,461,645 B1 (the "'645 Patent"), entitled "Isolation and Preservation of Fetal and Neonatal Hematopoietic Stem and Progenitor Cells of the Blood." The '645 Patent is directed to cryopreserved compositions of fetal or neonatal hematopoietic stem and progenitor cells obtained from the umbilical cord or placental blood of a newborn human ("cord blood"). The '427 Patent is directed to a method of using and storing cord blood for therapeutic uses.

Defendants are doctors, whom PharmaStem has alleged have collected cord blood, which was processed, cryopreserved and stored for future therapeutic use by one or more cord blood banks that do not have a license to PharmaStem's Patents.

### PharmaStem's Position

PharmaStem does not believe this is a complex case.

---

[1] The remaining defendants have either been dismissed or are in default.

- 2 -

CASE MANAGEMENT REPORT
PURSUANT TO FED. R. CIV. P. 26(f)
Civil Action No.: SACV-04-921 GLT (ANX)

### Defendants' Position

Defendants believe this is a complex case. Almost three years ago in February 2002, PharmaStem alleged infringement of U.S. Patent Nos. 5,004,681 (the "'681 Patent") and 5,192,553 (the "'553 Patent") in the Delaware District Court (Hon. Gregory M. Sleet) against several companies engaged in the private banking of umbilical cord blood, including ViaCell, CBR, CorCell and Cyro-Cell. Judge Sleet conducted a jury trial on validity, enforceability, and infringement issues and ruled on post-verdict motions.

PharmaStem recently asserted the '427 Patent and the '645 Patent against at least 20 defendants in July and August of 2004, in the district courts of (1) Central District of California, (2) Northern District of California (3) Massachusettes, (4) Eastern District of Pennsylvania, and (5) Middle District of Florida. The '427 Patent and the '645 Patent derive from and are continuation and/or continuation-in-part patents to the '681 Patent and the '553 Patent. In late October 2004, defendants in these five cases moved the Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. §1407 to Transfer for Consolidation and Coordination of Pretrail Proceedings in a Single Forum (the "MDL Motion"), the District Court of Delaware. PharmaStem opposed the MDL Motion, but stated that if consolidation was ordered, that these five cases should be consolidated to the Northern District of California.

Certain defendants in these actions have filed motions to stay proceedings in the Northern District of California and the Eastern District of Pennsylvania pending the resolution of the MDL motion. On November 10, 2004, the Honorable James S. Moody, Jr. stayed the District Court of Florida action for a period of one-hundred twenty (120) days pending the Judicial Panel on Multidistrict Litigation's decision on the MDL Motion.

- 3 -

CASE MANAGEMENT REPORT
PURSUANT TO FED. R. CIV. P. 26(f)
Civil Action No.: SACV-04-921 GLT (ANX)

2. **The principal factual and legal issues in dispute:**

The parties dispute several factual and legal issues, including:

(1) the meaning and scope of the claims of the '427 Patent

(2) whether the '427 Patents is valid;

(3) whether the '427 Patent is enforceable;

(4) whether Defendants infringe the '427 Patent;

(5) whether such infringement was willful;

(6) the amount of damages PharmaStem is entitled to;

(7) whether this case should be deemed exceptional, such that PharmaStem can recover its attorneys fees and costs; and

(8) whether this case should be deemed exceptional, such that Defendants can recover their attorneys' fees and costs.

B. **Discovery And Case Plan**

The parties agree to exchange disclosures pursuant to Fed.R.Civ.P 26(a)(1) on or before February 11, 2005. The parties agree that all fact and expert discovery be completed by April 3, 2006. *See* Local Rule 26-1(f).

**PharmaStem's Position**

PharmaStem submits that all fact and expert discovery begin after the Case Management Conference on December 13, 2004 pursuant to Fed.R.Civ.P 26(d). PharmaStem will oppose any stay referred to below.

**Defendants' Position**

Defendants submit that all fact and expert discovery will begin after the parties exchange disclosures pursuant to Fed.R.Civ.P 26(a)(1). In the alternative, Defendants believe that this action should be stayed pending resolution of the MDL Motion.

- 4 -

**(1) Requests for Admission.**

The parties agree to follow the parameters set forth in the Federal Rules of Civil Procedure, which permit an unlimited number of Requests for Admission.

**(2) Written Interrogatories.**

The parties have agreed that each party is permitted to serve no more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts.

**(3) Requests for Production or Inspection.**

The parties agree to follow the parameters set forth in the Federal Rules of Civil Procedure, which permit an unlimited number of Requests for Production or Inspection.

**(4) Oral Depositions.**

**PharmaStem's Position**

PharmaStem submits the following with regard to depositions given the number of parties involved in this case: each side is permitted no more than five (5) depositions of any party, excluding any depositions of expert witnesses or third parties, and each deposition is limited to one day of seven hours of testimony. Under this proposal, each party would be subject to up to five (5) depositions. PharmaStem disagrees with Defendants' proposal below because it would provide Defendants with up to eighty (80) depositions of PharmaStem.

**Defendants' Position**

Defendants' submit the following with regard to depositions given the number of parties involved in this case: each party is permitted no more than ten (10) depositions of any party, excluding any depositions of expert witnesses or third parties, and each deposition is limited to one day of seven hours of testimony. Defendants disagree with PharmaStem's proposal above because it would provide

- 5 -

PharmaStem with up to forty (40) depositions of Defendants, and Defendants collectively would be entitled to only five (5) depositions of PharmaStem.

### (5) Expert Disclosures

The parties agree, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that the disclosures pursuant to Fed. R. Civ. P. 26(a)(2) will be due as follows: (1) initial expert disclosures on September 1, 2005; and (2) rebuttal expert disclosures on September 29, 2005.

### (6) Dispositive Motions

The parties agree that the last day to file dispositive or partially dispositive motions is April 10, 2006, which are likely to cover the disputed issues described above.

### (7) Third Party Claims and Joinder of Parties

The parties agree that the final date for filing motions for leave to file third party claims, motions to join parties should be October 20, 2005. *See* Local Rule 26-1(e). The parties agree that the likelihood of the appearance of additional parties is low. *See* Local Rule 26-1(e).

## C. Proposed Schedule Addressing Patent Issues

The parties agree that a briefing schedule for the purposes of claim construction is necessary.

**PharmaStem's Position**

PharmaStem proposes the following schedule for addressing issues of claim construction :

(1) The parties will exchange their proposed claim construction on March 24, 2005. Thereafter, the parties will meet and confer to narrow the issues for claim construction.

- 6 -

(2) PharmaStem will file an Opening Claim Construction Brief on June 6, 2005.

(3) Defendants will file a Responsive Claim Construction Brief on June 13, 2005

(4) PharmaStem will file a Reply Claim Construction Brief on June 20, 2005.

The parties request a claim construction hearing for June 27, 2005.

**Defendants' Position**

Defendants propose that the schedule for addressing issues of claim construction "mirror" the briefing schedule in the Northern District of California. The Northern District of California has adopted Patent Local Rules for the briefing scheduling of claim construction issues. The parties proposed that for purposes of this action, this Court adopt the briefing schedule for claim construction issues pursuant to the Northern District of California Patent Local Rules. The deadlines will be set from the date of the Case Management Conference in Northern District of California action, which is currently scheduled for January 7, 2004. For example, with the Case Management Conference scheduled for January 7, 2005 in the Northern District of California, and in addition to the other deadlines set forth in the Patent Local Rules,

(1) PharmaStem will serve its "Disclosure of Asserted Claims and Preliminary Infringement Contentions" on or about January 17, 2005, pursuant to Patent L.R. 3-1,

(2) Defendants will server their "Preliminary Invalidity Contentions" on or about March 3, 2005, pursuant to Patent L.R. 3-3,

(3) Parties will exchange "Proposed Terms and Claim Elements for Construction" on or about March 14, 2005, pursuant to Patent L.R. 4-1,

- 7 -

CASE MANAGEMENT REPORT
PURSUANT TO FED. R. CIV. P. 26(f)
Civil Action No.: SACV-04-921 GLT (ANX)

(4) Parties will exchange "Preliminary Claim Construction" on April 4, 2005, pursuant to Patent L.R. 4-2,

(5) Parties will file "Joint Claim Construction and Prehearing Statement" on or about May 4, 2005, pursuant to Patent L.R. 4-3,

(6) Discovery cut-off date relating to Claim Construction on or about June 3, 2005, pursuant to Patent L.R. 4-4,

(7) PharmaStem will file an Opening Claim Construction Brief on or about June 16, 2005, pursuant to Patent L.R. 4-5,

(8) Defendants will file a Responsive Claim Construction Brief on or about June 30, 2005, pursuant to Patent L.R. 4-5,

(9) PharmaStem will file a Reply Claim Construction Brief on or about July 7, 2005, pursuant to Patent L.R. 4-5, and

(10) The parties request a claim construction hearing for on or about July 21, 2005, pursuant to Patent L.R. 4-6.

**D.    Settlement and Alternative Dispute Resolution.**

(1) The parties believe that settlement is unlikely. *See* Local Rule 26-1(c).

(2) The parties are willing to submit to mediation with a magistrate judge. Pursuant to Local Rule 16-14, the parties will file a Notice of Settlement Procedure Seclection no later than fourteen (14) days after the entry of the scheduling order under Fed. R. Civ. P. 16(b). *See* L.R. 16-14.2. The parties agree to participate in such settlement procedure no later than 45 days before the Final Pretrial Conference. *Id.*

- 8 -

CASE MANAGEMENT REPORT
PURSUANT TO FED. R. CIV. P. 26(f)
Civil Action No.: SACV-04-921 GLT (ANX)

to participate in such settlement procedure no later than 45 days before the Final Pretrial Conference. *Id.*

E. **Final Pretrial Conference and Trial.**

The parties seek trial to start on August 8, 2006. This jury trial is expected to take approximately 8-10 Court days. *See* Local Rule 26-1(d).

**PERKINS COIE LLP**

Date: December 6, 2004        By: _____
                              Amanda Fox
                              Attorneys for PharmaStem Therapeutics, Inc.


**PILLSBURY WINTHROP LLP**

Date: December 6, 2004        By: _____
                              Chang Kim
                              Attorneys for Defendants and Counterclaimants
                              Monica Aszterbaum, M.D., Andrew Cassidenti, M.D., Eunice U. Lee, M.D., Carla Wells, M.D., Anita York, M.D., Bruce A. Hagadorn, M.D., Rajasree T. Seshadri, M.D. and Arthur Goldstein, M.D.