# EXHIBIT 6

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PHARMASTEM THERAPEUTICS, INC.**, a Delaware corporation, 69 Prospect Avenue, Larchmont, New York, 10538,<br><br>Plaintiff,<br><br>v.<br><br>**CORCELL, INC.**, a Delaware corporation, 1411 Walnut Street, Suite 300, Philadelphia, PA 19102, **MOLLY MCBRIDE, MD**, an individual, 650 West Baltimore Pike, West Grove, PA 19390, and **CARLO M. CROCE, MD**, an individual, 111 South 11th Street, Philadelphia, PA 19107,<br><br>Defendants. | Civil Action No.: |

**COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Plaintiff PharmaStem Therapeutics, Inc. ("Plaintiff" or "PharmaStem") alleges as follows:

**THE PARTIES**

1. Plaintiff PharmaStem is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York, located at 69 Prospect Avenue, Larchmont, New York 10538.

2. On information and belief, Defendant CorCell, Inc. ("CorCell") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Pennsylvania, located at 1411 Walnut Street, Suite 300, Philadelphia, Pennsylvania 19102.

[/07270424.DOC]

3.   On information and belief, Defendant Molly McBride, MD ("McBride") is a physician licensed to practice medicine in the State of Pennsylvania, with a place of business located at 650 West Baltimore Pike, West Grove, PA 19390.

4.   On information and belief, Defendant Carlo M. Croce, MD ("Croce") is a physician licensed to practice in the State of Pennsylvania, is Director of the Kimmel Cancer Institute and Kimmel Cancer Center at the Thomas Jefferson University in Philadelphia, Pennsylvania, and is a member of the Scientific Medical and Advisory Board of CorCell.

## JURISDICTION

5.   This action arises under the Patent Act, 35 U.S.C. §271 *et seq*. This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§1331 and 1338.

## VENUE

6.   Venue in this judicial district is proper under 28 U.S.C. §§ 1391(a), (b), (c) and/or §1400(b). Personal jurisdiction over defendants CorCell, McBride and Croce is proper because, on information and belief, they have and continue to infringe, contributorily infringe, and/or induce infringement of the asserted patents in this district.

## PLAINTIFF'S PATENTS

7.   PharmaStem is the owner of United States Letter Patent No. 6,461,645 B1 (the "'645 Patent"), entitled ISOLATION AND PRESERVATION OF FETAL AND NEONATAL HEMATOPOIETIC STEM AND PROGENITOR CELLS OF THE BLOOD. The application that led to the '645 Patent was filed on May 16, 1990 and issued on October 8, 2002. The '645 Patent is attached hereto as Exhibit A.

8.   PharmaStem is the owner of United States Letter Patent No. 6,569,427 B1 (the "'427 Patent"), entitled ISOLATION AND PRESERVATION OF FETAL AND NEONATAL HEMATOPOIETIC STEM AND PROGENITOR CELLS OF THE BLOOD. The application that led to the '427 Patent was filed on May 16, 1995 and issued on May 27, 2003. The '427 Patent is attached hereto as Exhibit B.

9. The '645 Patent is directed to cryopreserved compositions of fetal or neonatal hematopoietic stem and progenitor cells obtained from the umbilical cord or placental blood of a newborn human ("Cord Blood"). The '427 Patent is directed to methods of using and storing Cord Blood for therapeutic uses.

## PATENT INFRINGEMENT

10. On information and belief, CorCell provides clients with collection kits to facilitate the collection of Cord Blood, and processes, cryopreserves, and stores Cord Blood for future therapeutic use, collecting various fees for such activities.

11. On information and belief, McBride has collected Cord Blood which was processed, cryopreserved, and stored for future therapeutic use by CorCell and/or its agents.

12. On information and belief, Croce has collected Cord Blood which was processed, cryopreserved, and stored for future therapeutic use by CorCell and/or its agents.

## FIRST CAUSE OF ACTION

### (Infringement of the '645 Patent)

13. PharmaStem realleges each and every allegation set forth in Paragraphs 1 through 12, inclusive, and incorporates them herein by reference.

14. CorCell has been and continues to infringe, contributorily infringe, and/or induce the infringement of the '645 Patent by making, using, selling and/or offering to sell compositions claimed in the '645 Patent, and will continue to do so until enjoined by the Court.

15. Additionally, CorCell's infringement of the '645 Patent has been and continues to be willful and deliberate.

16. CorCell's infringement of the '645 Patent has injured and continues to injure PharmaStem in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Infringement of the '427 Patent)

17. PharmaStem realleges each and every allegation set forth in Paragraphs 1 through 12, inclusive, and incorporates them herein by reference.

18. CorCell, McBride and Croce have been and continue to infringe, contributorily infringe, and/or induce the infringement of the '427 Patent by making, using, selling and/or offering to sell the methods claimed in the '427 Patent, and will continue to do so until enjoined by the Court.

19. CorCell's, McBride's and Croce's infringement of the '427 Patent has been and continues to be willful and deliberate.

20. CorCell's, McBride's and Croce's infringement of the '427 Patent has injured and continues to injure PharmaStem in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, PharmaStem prays that the Court grant the following relief and judgment:

A. A preliminary and permanent injunction against CorCell and its respective officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing, contributorily infringing, or inducing the infringement of the '645 Patent and '427 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. §283;

B. An award to PharmaStem of such damages as it shall prove at trial against CorCell, that are adequate to fully compensate it for their infringement of the '645 Patent and '427 Patent, said damages to be no less than a reasonable royalty;

C. An award to PharmaStem for willful infringement against CorCell of three times the damages so determined, as provided by 35 U.S.C. §284, together with prejudgment interest from the date infringement of the '645 Patent and '427 Patent began;

  D. A preliminary and permanent injunction against McBride and Croce and/or those in privity with them, from infringing, contributorily infringing, or inducing the infringement of the '427 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. §283;

  E. An award to PharmaStem of such damages as it shall prove at trial against McBride and Croce, that are adequate to fully compensate it for their infringement of the '427 Patent, said damages to be no less than a reasonable royalty;

  F. An award to PharmaStem for willful infringement against McBride and Croce of three times the damages so determined, as provided by 35 U.S.C. §284, together with prejudgment interest from the date infringement of the '427 Patent began;

  G. A finding that this case is "exceptional" and an award to PharmaStem of its costs and reasonable attorney's fees, as provided by 35 U.S.C. §285; and,

  H. Such further and other relief as the Court and/or jury may deem proper and just.

DATED: July 28, 2004   By: _____
               Michael D. LiPuma, Atty. I.D. #74790
               Law Office of Michael LiPuma
               Two Penn Center, Suite 200
               Philadelphia, PA 19102
               Attorneys for Plaintiff
               PharmaStem Therapeutics, Inc.

OF COUNSEL:
PAUL J. ANDRE, Bar No. 196585
LISA KOBIALKA, Bar No. 191404
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
Telephone: (650) 838-4300
Facsimile: (650) 838-4350