# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 2:04-CV-03561-RK |
| CORCELL, INC., et al., MOLLY McBRIDE, ) | |
| M.D. and CARLO M. CROCE, M.D., ) | |
| ) | |
| Defendants, ) | |
| _____ ) | |
| ) | |
| CORCELL, INC., ) | |
| ) | |
| Counterclaim-Plaintiff, ) | |
| v. ) | |
| ) | |
| PHARMASTEM THERAPEUTICS, INC., ) | |
| NICHOLAS DIDIER and STEMBANC, INC., ) | |
| ) | |
| Counterclaim-Defendants. ) | |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

Defendants CorCell, Inc. ("CorCell"), Molly McBride, M.D. ("McBride") and Carlo M. Croce, M.D. ("Croce") (collectively, "Defendants"), by and through their undersigned attorneys, Dilworth Paxson LLP, hereby move to stay proceedings in this action, pending action of the Judicial Panel on Multidistrict Litigation in the case of *In re PharmaStem Therapeutics, Inc. Patent Litigation*, MDL Docket No. 1660. Defendants seek a stay of all proceedings, except with respect to the Motion to Dismiss of Defendant McBride.

In support of this Motion, the Defendants rely on the accompanying Memorandum of Law, which is submitted herewith and incorporated herein by reference.

                                                                        _____ JR797
                                                    James J. Rodgers (PA ID No. 21635)
                                                    Darryl W. Shorter (PA ID No. 87554)
                                                    Dawn N. Zubrick (PA ID No. 90732)
                                                    DILWORTH PAXSON LLP
                                                    3200 Mellon Bank Center
                                                    1735 Market Street
                                                    Philadelphia, PA 19103
                                                    (215) 575-7000
                                                    Attorneys for Defendants

Dated: November 23, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:04-CV-03561-RK |
| ) | |
| CORCELL, INC., et al., MOLLY McBRIDE, ) | |
| M.D. and CARLO M. CROCE, M.D. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| CORCELL, INC., ) | |
| ) | |
| Counterclaim-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PHARMASTEM THERAPEUTICS, INC., ) | |
| NICHOLAS DIDIER and STEMBANC, INC., ) | |
| ) | |
| Counterclaim-Defendants. ) | |
| ) | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS

Defendants CorCell, Inc. ("CorCell"), Molly McBride, M.D. ("McBride") and Carlo M. Croce, M.D. ("Croce") (collectively, "Defendants") submit this Memorandum of Law in support of their Motion to Stay Proceedings.

### INTRODUCTION

In this one of several lawsuits initiated by the plaintiff/counterclaim-defendant, PharmaStem Therapeutics, Inc. ("PharmaStem"), the complaint alleges infringement of two of a series of patents held by PharmaStem relating to umbilical cord blood. CorCell's counterclaims

in this action address the actions of PharmaStem, its Chief Executive Officer, Nicholas Didier and one of its licensees, Stembanc, Inc., as part of a campaign to make baseless threats of enforcement of PharmaStem's patents, and related conduct. As other similar proceedings relating to the same or related patents are currently ongoing in other district courts, the defendants involved in those actions have jointly filed a motion with the Judicial Panel on Multidistrict Litigation (the "Judicial Panel") to coordinate all of the actions, as well as an additional action regarding PharmaStem's conduct in making baseless threats of patent infringement, to be consolidated in the District of Delaware for coordinated pretrial proceedings. *In re PharmaStem Therapeutics, Inc. Patent Litigation*, MDL No. 1660.

Each one of the actions relates to at least two of PharmaStem's patents, all of which are derived from a single parent application. The specifications of each patent are substantially identical, and there is great similarity among the claims. Accordingly, and for the reasons set forth in this Memorandum, Defendants' motion should be granted and this Court should stay these proceedings pending the ruling of the Judicial Panel.

## FACTUAL BACKGROUND

In February 2002, PharmaStem filed suit in the District of Delaware against CorCell, a private cord blood bank, and other cord blood banks (the "Delaware Action"), alleging the infringement of U.S. Patents Nos. 5,004,681 (the "'681 Patent") and 5,192,553 (the "'553 Patent"). *PharmaStem Therapeutics, Inc. v. ViaCell, Inc., et al*, C.A. No. 02-148-GMS. The case went to trial before the Honorable Gregory M. Sleet, United States District Judge for the District of Delaware in October 2003. The jury returned its verdict in favor of the plaintiff, finding that the '681 Patent and '553 Patent were valid and that the defendants had infringed the patents.

While post-trial motions in that case were pending, PharmaStem sent letters dated June 1, 2004 (the "June 1 Letter") to various obstetricians, containing false and misleading statements concerning the law of infringement and the proceedings in the Delaware Action. These letters were designed to coerce and intimidate them from collecting umbilical cord blood for customers of the defendant cord blood banks. The defendants sought interim relief from Judge Sleet, who issued a preliminary injunction against further false and misleading statements by PharmaStem directed to obstetricians, on July 2, 2004. In addition, on September 15, 2004, Judge Sleet ruled on the post-trial motions and found that the defendants were entitled to judgment as a matter of law regarding the alleged infringement of the '553 Patent, and ordered a new trial regarding the alleged infringement of the '681 Patent.

In response to Judge Sleet's July 2 order, PharmaStem filed five new actions in July and August in separate district courts for various types of infringement of the '681 Patent, and/or two other of its patents, U.S. Patent Nos. 6,569,427 (the "'427 Patent") and 6,461,645 (the "'645 Patent"). *See PharmaStem Therapeutics, Inc. v. Cord Blood Registry. Inc., et al.*, C.A. No. C-04-3072-JSW (N.D. Cal.)(the "Northern California Action") (asserting infringement of the '427 Patent and the '645 Patent); *PharmaStem Therapeutics, Inc. v. CureSource, Inc., et al.*, C.A. No. SA-CV-04-921-GLT (C.C. Cal.) (the "Central California Action") (asserting infringement of the '681 Patent, the '427 Patent and the '645 Patent); *PharmaStem Therapeutics, Inc. v. ViaCell, Inc., et al*, C.A. No. 04-CV-11673-RWZ (D. Mass.)(the "Massachusetts Action") (asserting infringement of the '427 Patent and the '645 Patent); *PharmaStem Therapeutics, Inc. v. CryoCell International, Inc., et al.*, C.A. No. 8:04-CV-1740-T-30TGO (M.D. Fla.)(the "Florida Action") (asserting infringement of the '427 Patent and the '645 Patent); and the instant action in this Court (asserting infringement of the '427 Patent and the '645 Patent). All of these actions

targeted physicians, medical groups and/or health care facilities in addition to the private umbilical cord banks that had not agreed to license PharmaStem's patents.

On October 7, 2004, another action was filed in the District of Delaware by ViaCell, Inc. against PharmaStem, asserting violations of the federal antitrust laws, as well as state law statutory and common law claims that generally parallel CorCell's counterclaims in this action. *ViaCell, Inc. v. PharmaStem Therapeutics, Inc.*, C.A. 04-1335-GMS (D. Del.). CorCell and Cryo-Cell International, Inc. were added to that case as plaintiffs by an amended complaint.

CorCell and the other defendants in PharmaStem's infringement cases jointly filed a motion for consolidation and coordination of all of these cases for pretrial proceedings before Judge Sleet in Delaware. The Judicial Panel deemed the motion filed on November 2, 2004. PharmaStem and Didier have opposed the transfer, arguing in the alternative for transfer to the Northern District of California. Stembanc has asked that the claims against it be transferred to Ohio or California.

On November 9, 2004, Hon. James Moody of the Middle District of Florida entered an order staying proceedings in PharmaStem's Florida action for 120 days to permit the Judicial Panel to consider the pending motion and to avoid a waste of resources of the court and parties in the interim. Judge Moody expressed his view that "one court should construe the patents to maintain judicial economy." Copies of the Court's order and the clerk's minutes of the hearing are attached hereto as Exhibit A.

In the instant case, the Court has dealt with motions pertaining to the entry of default against the individual defendants, Drs. McBride and Croce. However, the Court has not yet had to devote substantial attention to the merits of any of the claims presented in the litigation. Dr. McBride's motion to dismiss for lack of personal jurisdiction has also been briefed; her

deposition on the jurisdiction question was taken on November 12, 2004, and the parties will shortly complete their supplemental submissions on that issue.

Although motions to dismiss CorCell's counterclaims have been filed, the briefing on those motions has recently been completed. As noted above, analogous claims are pending against the same counterclaim defendants in other cases that are the subject of the motion before the Judicial Panel. In particular, such claims have been asserted against PharmaStem in the Northern California action and the Florida action, as well as the newly filed Delaware case. Stembanc and Mr. Didier are counterclaim defendants in the Northern California action as well. All of the counterclaim defendants have filed motions to dismiss in the Northern California action. A motion to stay that case has been filed by the defendants in that case, CBR Systems, Inc. and Sutter Health.

## ANALYSIS

A federal court has the inherent power to stay a case pending the outcome of a related proceeding "in an effort to maximize the effective utilization of judicial resources and to minimize the possibility of conflicts between different courts." *Coombs v. Diguglielmo*, 2004 WL 1631416, at *1 (E.D.Pa. Apr. 28, 2004) (citations omitted). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068 (3d Cir. 1983). In determining whether an action should be stayed, the court will look at the following factors: (1) whether a stay will simplify issues and promote judicial economy; (2) the balance of harm to the parties; and (3) the length of the requested stay. *See Smithkline Beecham Corp. v. Apotex Corp.*, 2004 WL 1615307, at *7 (E.D.Pa. Jul. 16, 2004).

Here, all of the factors weigh in favor of granting a stay of the proceedings. A stay in this action would clearly promote judicial efficiency, lessen the burden on the parties as well as the courts imposed by proceeding in the several jurisdictions, and there is no prejudice to PharmaStem caused by the stay. The stay sought here is a limited one, until the decision of the Judicial Panel on Multidistrict Litigation on the pending motion to consolidate for coordinated pretrial proceedings.

Absent a stay in this action, there is a significant concern for inconsistent rulings on pending motions to dismiss counterclaims against PharmaStem, Didier and Stembanc. Ultimately, another concern arising from simultaneous proceedings in different district courts in cases involving the same patents is that PharmaStem would be able to conduct parallel claim construction hearings thus create the risk of inconsistent claim constructions rulings among the courts. Furthermore, there will not be any prejudice or injury to PharmaStem during the stay. PharmaStem's pending motions will be adequately addressed after the stay is lifted, whether in this Court or the transferee court. *See Hertz Corp. v. The Gator Corp.*, 250 F.Supp.2d 421, 426 (D.N.J. 2003) (granting motion to stay pending motion before the Judicial Panel because the party opposing the stay could secure effective relief once the stay was terminated).

The case of *American Seafood v. Magnolia Processing*, 1992 WL 102762 (E.D.Pa. May 7, 1992) is entirely on point. In that case, there were "at least six pending civil actions" in various district courts concerning antitrust violations of the defendants. Several motions had been filed to transfer the civil actions to one court, and a hearing was pending before the Judicial Panel for consolidation of all of the cases. *See id.* at *1. The Court held that the plaintiffs would not be substantially prejudiced by staying the action pending the decision of the Judicial Panel. Indeed, this Court noted that

> any prejudice to the plaintiffs is clearly outweighed by the considerations of judicial economy and possible prejudice to the defendants. As of the date of his Memorandum, there are six pending motions which impact either substantive legal issues or . . .important procedural questions . . . . The result is that the defendants may be forced to prosecute or defend similar motions twice and the decisions of this Court and the Northern District [of Mississippi] may be in conflict. The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay.

*Id.* (citations omitted). Indeed, as noted above, one of the actions filed by PharmaStem, the Florida Action, has already been stayed pending the ruling of the Judicial Panel. Specifically, in the Florida Action, the Court ordered a stay for a period of one-hundred-twenty (120) days pending the Judicial Panel's decision on the defendants' Motion to Transfer for Consolidation.

Defendants suggest one exception to an immediate stay of all proceedings. The Court should proceed to a final decision on Defendant McBride's Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion to Dismiss"). There was never any proper basis for bringing Dr. McBride before this Court, as the supplemental submissions based on her deposition will clearly demonstrate. A ruling in her favor on this issue, which the Court has already addressed in a hearing and a telephone conference, will dismiss her from the only action in which she has been named, and free her from the burden of this litigation. A ruling on her jurisdictional motion presents no risk of inconsistent adjudications. Her situation stands in sharp contrast to that of counterclaim defendants Stembanc and Didier, who are also counterclaim-defendants in the Northern California action, and who may thus remain in the litigation even if this Court were to grant their motions to dismiss.

The practical effect of a stay in this action would serve to promote judicial efficiency and lessen the burden on all parties, and would not cause any prejudice to PharmaStem.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court grant a stay of all proceedings pending the ruling of the Judicial Panel on Multidistrict Litigation, with the exception of the pending motion to dismiss as to Dr. McBride.

                    _____ JR797
                    James J. Rodgers (PA ID No. 21635;)
                    Darryl W. Shorter (PA ID No. 87554)
                    Dawn N. Zubrick (PA ID No. 90732)
                    DILWORTH PAXSON LLP
                    3200 Mellon Bank Center
                    1735 Market Street
                    Philadelphia, PA 19103
                    (215) 575-7000
                    Attorneys for Defendants CorCell, Inc., Molly McBride, M.D. and Carlo M. Croce, M.D.

Dated: November 23, 2004

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHARMASTEM THERAPEUTICS,
INC.,

    Plaintiff,

v.                              Case No. 8:04-cv-1740-T-30TGW

CRYO-CELL INTERNATIONAL, INC.
and BRUCE ZAFRAN,

    Defendants.
_____/

## ORDER

THIS CAUSE came before the Court for a status conference on November 9, 2004. The Court, having heard the arguments of counsel and being otherwise fully advised, finds that this matter should be stayed for a period of one-hundred-twenty (120) days pending the Judicial Panel on Multidistrict Litigation's ("JPML") decision on Cryo-Cell International, Inc.'s Motion to Transfer for Consolidation. At the conclusion of the one-hundred-twenty (120) day period, if the JPML has not made a decision on the motion to transfer, Plaintiff may file a request for a hearing on its motion for preliminary injunction.

It is therefore ORDERED AND ADJUDGED that:

1.   This action is STAYED for a period of one-hundred-twenty (120) days from the date of this Order.

2.   The parties are directed to file a status report at the end of the one-hundred-twenty (120) day period.

**DONE and ORDERED** in Tampa, Florida on November 10, 2004.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2004\04-cv-1740.stay pending mdl.wpd

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CLERK'S MINUTES - CIVIL GENERAL**

CASE NO. 8: 04-cv-1740-T-30TGW    DATE  November 9, 2004

TITLE  Pharmasten Therapeutics, Inc. vs. Cryo-Cell International, Inc., et al.

TIME  8:45 - 9:10 a.m.    TOTAL  25 minutes

Honorable  James S. Moody, Jr.    Deputy Clerk  Sara Boswell

Court Reporter  Sherrill Jackson    Courtroom  13A

| Attorney(s) for Plaintiff(s) | Attorney(s) for Defendant(s): |
|---|---|
| Charles Carlson | Charles Ketchey |
| Lisa Kobialka | Jim Rogers |
| Paul Andre | |

**PROCEEDINGS:    STATUS CONFERENCE**

Petition has been filed by defendants to have MDL take case for discovery purposes.

Court will approve the case management deadlines proposed by counsel. The Court will stay the case for 120 days. If no resolution comes from the MDL panel, the parties are instructed to file the appropriate motion for preliminary injunction. The Court will set an injunction hearing if the motion is filed.

The Court believes that one court should construe the patents to maintain judicial economy.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 2:04-CV-03561-RK |
| CORCELL, INC., et al., MOLLY McBRIDE, M.D. and CARLO M. CROCE, M.D., | ) ) ) |
| Defendants, | ) ) ) |
| CORCELL, INC., | ) ) |
| Counterclaim-Plaintiff, | ) ) |
| v. | ) ) |
| PHARMASTEM THERAPEUTICS, INC., NICHOLAS DIDIER and STEMBANC, INC., | ) ) ) |
| Counterclaim-Defendants. | ) |

## ORDER

And now, on this _____ day of December, 2004, it is hereby ORDERED AND ADJUDGED THAT:

Defendants' Motion to Stay Proceedings is GRANTED.

All proceedings are stayed pending action of the Judicial Panel on Multidistrict Litigation in the case of *In re PharmaStem Therapeutics, Inc. Patent Litigation*, MDL Docket No. 1660, except with respect to the Motion to Dismiss of Defendant McBride.

_____
Judge

564589_1