Paul J. Andre (State Bar No. 196585)
Lisa Kobialka (State Bar No. 191404)
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, California 94025
Telephone: (650) 838-4300
Facsimile: (650) 838-4350

Attorneys for PharmaStem Therapeutics, Inc.  05 - 152

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CURESOURCE, INC., a South Carolina corporation, MONICA ASZLERBAUM, an individual, ANDREW CASSIDENTI, an individual, EUNICE U. LEE, an individual, CARLA WELLS, an individual, ANITA YORK, an individual, ELIOT ROMERO, an individual, KATHY ANDERSON, an individual, NASRIN FARBAKHSH, an individual, BRUCE A. HAGADORN, an individual, RAJASREE T. SESHADRI, an individual, ARTHUR GOLDSTEIN, an individual, and CHARLES W. MONIAK, an individual,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Civil Action No.: SA-CV-04-921 GLT (ANx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS AND COUNTERCLAIMANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE MULTIDISTRICT LITIGATION MOTION**<br><br>Date: January 24, 2005<br>Time: 10:00 AM<br>Location: Courtroom 10D<br>Judge: Hon. Gary L. Taylor |

PLAINTIFF'S OPPOSITION TO MOTION TO STAY
Civil Action No.: SACV-04-921 GLT (ANx)



## OPPOSITION

Plaintiff and Counterdefendant PharmaStem Therapeutics, Inc. ("PharmaStem") hereby opposes Defendants and Counterclaimants Monica Aszterbaun's, Andrew Cassidenti's, Eunice Lee's, Carla Wells', Anita York's, Bruce Hagadorn's, Rajasree Seshadri's, and Arthur Goldstein's (collectively "Defendants") motion to stay proceedings pending resolution of the multidistrict litigation motion to transfer for consolidation of pretrial proceedings in a single forum (Docket No. 46).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

PharmaStem opposes Defendants' motion for the extraordinary relief of an indefinite general stay of these proceedings pending resolution of a motion before the Judicial Panel on Multidistrict Litigation ("JPML") for the following two reasons: (1) stays of underlying actions are not generally justified by the pendency of a motion to transfer before the JPML, and (2) in this case, a stay would prejudice PharmaStem and would not result in the efficient administration of justice.

Defendants have avoided addressing the simple, central question in this matter, which is whether a general stay of this case pending a decision by the JPML is warranted. The law on this issue is clear: a general stay pending decision by the JPML is usually not warranted, as many motions can and should be resolved while a decision by the JPML is pending. Accordingly, a blanket stay of this case would only cause unnecessary delay, and prejudice PharmaStem. PharmaStem thus respectfully requests that this Court decline to issue a general stay of this case, and allow initial disclosures, discovery,

- 2 -

and appropriate motions to go forward while the parties await the JPML's decision on the motion to transfer.

## II. FACTUAL BACKGROUND

PharmaStem brought this suit for infringement of U.S. Patent No. 6,569,427 ("'427 Patent") on August 4, 2004 against all defendants.[1] Docket No. 1. The '427 Patent expires on March 8, 2010. On October 1, 2004, those Defendants who had not already settled with PharmaStem answered PharmaStem's complaint. Docket No. 36. Other than the instant motion, there are no motions currently pending in this case.

On October 26, 2004, Defendants, along with parties to several other lawsuits involving PharmaStem, brought a motion before the JPML seeking to consolidate pretrial proceedings in various cases to the District Court for the District of Delaware. One of the cases that the parties seek to have consolidated is a 2002 patent infringement action in Delaware involving different patents, in which all outstanding issues have already been resolved and for which PharmaStem has filed a Notice of Appeal to the Federal Circuit. Thus, there is currently no patent infringement action pending in Delaware.

The other cases the parties have asked the JPML to transfer and consolidate for pretrial proceedings involve different defendants, include different claims and counterclaims that arise under the laws of different states, are governed by the standards of different Federal Circuit Courts, and will be resolved on different evidence. On these grounds, *inter alia,* PharmaStem opposed the motion for transfer and requested oral argument.

---

[1] PharmaStem also brought a claim for infringement of U.S. Patent Nos. 5,004,681 and 6,461,645 against Defendant CureSource, who has since settled with PharmaStem and has been dismissed from the case.

- 3 -

Initial briefing before the JPML is concluded and a hearing has been set for January 27, 2005.

PharmaStem's has a patent infringement action pending in the Northern District of California ("Northern District action"). The Northern District action is also subject to the motion before the JPML and the defendants in the Northern District action also sought a stay pending decision by the JPML. The Honorable Judge Jeffery S. White, presiding in the Northern District action, has tentatively indicated that the Court there intends to allow discovery to go forward, and that the Court will stay only limited aspects of that case pending decision by the JPML. *See* Amended Tentative Order, Docket No. 104, C.D. Cal. Case No. 3:04-cv-03072-JSW.

### III. ARGUMENT

#### A. A DISTRICT COURT SHOULD NOT GENERALLY SUSPEND PROCEEDINGS PENDING DECISION ON A MOTION TO TRANSFER BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION.

The issue raised by Defendants' motion is squarely addressed by the Manual for Complex Litigation, Fourth Edition. Regarding how a potential transferor court should proceed in light of a pending petition before the JPML, it states the following:

> The transferor court should not automatically stay discovery [...]. Nor should the court automatically postpone rulings on pending motions, or generally suspend further proceedings.

- 4 -
PLAINTIFF'S OPPOSITION TO MOTION TO STAY
Civil Action No.: SACV-04-921 GLT (ANx)

Manual for Complex Litigation, Fourth § 20.131 (internal citations omitted).[2] The manual further sets forth specific guidelines for motions raising issues unique to the potential transferor court's case.

> When notified of the filing of a motion to transfer [...] matters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer.

*Id.* (internal citations omitted). Here, because there is a completely different set of defendants than in any other case subject to the motion before the JPML, motions which may be filed during the pendency of the motion before the JPML will likely "rais[e] issues unique to [this] particular case" and as such, should probably not be subject to a general stay. *See id.* Thus, Plaintiffs are asking this court to needlessly speculate that no motions which are appropriate for decision by this Court will be filed previous to the issuance of a decision by the JPML.

A court must "maintain an even balance" when deciding whether to issue a stay, stopping the progress of a case. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). The "mere pendency of a motion before the Panel does not affect or suspend orders and discovery proceedings in the transferor district court and does not in any way limit the jurisdiction of the transferor court to rule upon matters properly presented to it for decision." *In re Air Crash Disaster at Paris, France*, 376 F. Supp. 887, 888 (J.P.M.L. 1974). In other words, the Court should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further activity simply because one party has made a motion to the JPML for transfer and

---

[2] A true and correct copy of the portion of the Manual for Complex Litigation, Fourth cited in this brief is attached hereto as Exhibit A.

- 5 -

PLAINTIFF'S OPPOSITION TO MOTION TO STAY
Civil Action No.: SACV-04-921 GLT (ANx)

consolidation and seeks a stay. *See id.;* Manual For Complex Litigation, Fourth, § 20.131. To the extent that issues arise that this Court feels should *not* be ruled upon pending the decision by the JPML, the Court is certainly capable of deciding whether to withhold ruling on those individual issues on a case-by-case basis.

**B.   A STAY SHOULD NOT ISSUE IN THIS CASE BECAUSE STAYING THIS CASE WOULD PREJUDICE PHARMASTEM, WOULD NOT PROMOTE JUDICIAL EFFICIENCY, AND WOULD NOT LESSEN THE BURDEN ON THE PARTIES AND THE COURTS.**

In determining whether a case should be stayed, the court must "weigh competing interests." *Landis,* 299 U.S. at 254-55. Those interests include the hardship or inequity a party may face if a stay does or does not issue, as well as the economy of time and effort for the Court. Each of these factors weighs heavily against granting the indefinite stay Defendants unilaterally ask the Court to impose.

It is clear that any inequity in granting an indefinite general stay in this case would accrue only against PharmaStem and would work no hardship at all on Defendants. While it is unclear when or how the JPML may eventually rule on the motion to transfer, in the meantime, PharmaStem has a right to pursue its action in the Central District of California, the forum in which it filed the action. This Court has set this case for trial in just nine months, in October, 2005. Although PharmaStem has settled with a number of the physician Defendants it originally brought suit against, eight remain. As PharmaStem will need to take discovery from each, time is of the essence and any delay is significant.

- 6 -

PLAINTIFF'S OPPOSITION TO MOTION TO STAY
Civil Action No.: SACV-04-921 GLT (ANx)

In addition, a general stay in of all proceedings this case can only delay the ultimate resolution of PharmaStem's patent infringement claims. While it may be appropriate to withhold ruling on certain motions until after the JPML rules, it could hardly be less appropriate to stay discovery, initial disclosures, and case management conferences pending a motion before the JPML to transfer and consolidate a case for *pretrial* proceedings. Many of the issues involved in this litigation are dependent on facts specific to the individual physician defendants in this litigation. None of the defendants to this suit are defendants in any other suit subject to the motion before the JPML so there would be little, if any duplication of effort or expense if discovery continues. Moreover, even if the JPML *does* temporarily transfer the case and consolidate pretrial proceedings, the case will return to this Court for trial. As to motions, this Court certainly can choose to issue rulings or withhold them on an issue-by-issue basis pending a decision by the JPML on the motion to transfer, where that is appropriate.

Although defendants have glossed over this fact, it is important to note that the length of the stay defendants seek is *indefinite*. Neither defendants nor PharmaStem can know how long it may take the JPML to issue a ruling, yet defendants have provided no timeframe for their request. Although the motion to transfer before the JPML has been briefed and oral argument has been set for January 27, 2005, the litigants cannot know how much longer it may take for the JPML to issue a ruling after argument.

Further harm will accrue against PharmaStem if a stay issues. Each day that goes by prejudices PharmaStem by delaying PharmaStem enforcement of the rights it has been granted by the U.S. Patent and Trademark Office. PharmaStem's patent asserted in this action is only

PLAINTIFF'S OPPOSITION TO MOTION TO STAY
Civil Action No.: SACV-04-921 GLT (ANx)

enforceable against infringers for a limited period of time--just over five years. The patent's value is wholly contingent upon its enforcement, and time is of the essence. In contrast, there is no harm to either defendants or to PharmaStem if this case remains moving forward toward resolution. If the JPML does not transfer the case, a stay would result in PharmaStem losing valuable time to pursue discovery regarding defendants' infringement of its patents, and would also have inevitably delayed the ultimate resolution of PharmaStem's claims.

## IV.  CONCLUSION

For all of the reasons set forth above, PharmaStem respectfully requests that the Court deny Defendants' motion to stay this case.

DATED: January 7, 2005

PERKINS COIE LLP

By: /s/ Paul J. Andre
Paul J. Andre
Lisa Kobialka
Attorneys for Plaintiff
PharmaStem Therapeutics, Inc.

- 8 -

PLAINTIFF'S OPPOSITION TO MOTION TO STAY
Civil Action No.: SACV-04-921 GLT (ANx)