```
PILLSBURY WINTHROP LLP
William F. Abrams (State Bar No. 88805)
Thomas F. Chaffin (State Bar No. 112368)
Chang H. Kim (State Bar No. 195554)
2475 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 233-4500
Facsimile: (650) 233-4545

Attorneys for Defendants and Counterclaimants
Monica Aszterbaum, M.D., Andrew Cassidenti, M.D.,
Eunice U. Lee, M.D., Carla Wells, M.D., Anita York, M.D.,
Bruce A. Hagadorn, M.D., Rajasree T. Seshadri, M.D., and
Arthur Goldstein, M.D.
```

RECEIVED MAY 11 2005 U.S. DISTRICT COURT DISTRICT OF DELAWARE

FILED CLERK U.S. DISTRICT COURT JAN 14 2005 CENTRAL DISTRICT OF CALIFORNIA BY DEPUTY

05 - 152

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CURESOURCE, INC., a South Carolina corporation, MONICA ASZTERBAUM, an individual, ANDREW CASSIDENTI, an individual, EUNICE U. LEE, an individual, CARLA WELLS, an individual, ANITA YORK, an individual, ELIOT ROMERO, an individual, KATHY ANDERSON, an individual, NASRIN FARBAKHSH, an individual, BRUCE A. HAGADORN, an individual, RAJASREE T. SESHADRI, an individual, ARTHUR GOLDSTEIN, an individual, and CHARLES W. MONIAK, an individual,<br><br>Defendants.<br><br>RELATED COUNTERCLAIMS | Case No. SA-CV-04-921 GLT-(ANx)<br><br>**DEFENDANTS AND COUNTERCLAIMANTS' REPLY TO PHARMASTEM THERAPEUTICS, INC.'S OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE MULTIDISTRICT LITIGATION MOTION TO TRANSFER FOR CONSOLIDATION AND COORDINATION OF PRETRIAL PROCEEDINGS IN A SINGLE FORUM**<br><br>Date: January 24, 2005<br>Time: 10 a.m.<br>Location: Courtroom 10D<br>Judge: Hon. Gary L. Taylor<br><br>BY FAX<br><br>DOCKETED ON CM<br>JAN 20 2005<br>BY |

SILICON_VALLEY_60388085v1 (2)

REPLY ISO MOTION TO STAY PENDING MDL MOTIONS
CASE NO. SA-CV-04-921 GLT-(ANx)

## INTRODUCTION

PharmaStem Therapeutics, Inc. ("PharmaStem") fails to rebut compelling reasons why this Court should grant Doctor Defendants' Motion to Stay proceedings pending the decision from the Multi-District Litigation Panel (the "MDL Panel") on Doctor Defendants' Motion to Transfer for Consolidation and Coordination of Pretrial Proceedings in a Single Forum (the "MDL Motion"), which will be heard the same week as this motion (January 27, 2005). First, this Court should grant Doctor Defendants' Motion to Stay to avoid inconsistent rulings and duplicative effort by different courts on similar, if not identical, issues. Second, there will be no prejudice to PharmaStem if this Court grants Doctor Defendants' Motion to Stay because (a) there are no imminent deadlines or motions pending, (b) no party has propounded discovery in this action, (c) recent developments in the related actions strongly suggest that all actions will be transferred to a single district court, and (d) the MDL Panel is hearing the MDL Motion the same week as this motion, and there will be no material delay impacting any party during the brief time that is pending.

## BACKGROUND

On December 10, 2004, Doctor Defendants filed this Motion to Stay all proceedings pending a decision from the MDL Panel on the MDL Motion, which was submitted to the MDL Panel on October 26, 2004. Over 20 other defendants joined the MDL motion, including, *inter alia*, other physicians, medical groups, health care facilities, and private cord blood banks, who are defendants in the other five related actions.[1] PharmaStem opposed the MDL

---

[1] These five related lawsuits include the Delaware Action, the Northern District Action, the Massachusetts Action, the Florida Action, and the Pennsylvania Action.

Motion, but stated that, if transfer was ordered, these actions should be transferred to (in order of preference): (1) the Northern District of California; (2) the Central District of California; (3) Middle District of Florida, the Eastern District of Pennsylvania, or the District of Massachusetts or (4) any judge in the District of Delaware other than Judge Sleet. See Declaration of Chang H. Kim In Support of Doctor Defendants' Motion to Stay, Exh. 10. Doctor Defendants and others filed their joint Reply on November 30, 2004. Exh. 1.[2] On January 27, 2005, three days after the hearing on this motion, the MDL Panel will hear the MDL Motion.

    The district courts have entered Orders in three of the other related cases to stay proceedings pending the MDL Motion. In the Florida Action, on November 10, 2004, Judge Moody entered an order staying proceedings in the Florida Action for 120 days to permit the MDL panel to consider the pending MDL Motion and to avoid a waste of resources of the court and parties. See Declaration of Chang H. Kim In Support of Doctor Defendants' Motion to Stay, Exh. 11. On December 16, 2004, the Pennsylvania Court stayed the Pennsylvania Action pending the MDL Motion. See Supplemental Declaration of Chang H. Kim In Support of Doctor Defendants' Motion to Stay, Exh. 1. And, just last week, on January 7, 2005, Judge White granted in part a Motion to Stay in the Northern District Action. Exh. 2.

---

[2] All exhibits, except as noted, are attached to the Declaration of Chang H. Kim in Support of Doctor Defendants' Reply to PharmaStem Therapeutics, Inc.'s Opposition to Motion to Stay Proceedings Pending Resolution of the Multidistrict Litigation Motion to Transfer for Consolidation and Coordination of Pretrial Proceedings in a Single Forum.

# ARGUMENTS

## I. THIS COURT SHOULD GRANT DOCTOR DEFENDANTS' MOTION TO STAY TO PROMOTE JUDICIAL EFFICIENCY AND TO AVOID INCONSISTENT RULINGS.

This Court has authority to stay all proceedings pending the decision by the Judicial Panel on Multidistrict Litigation. See *Hertz Corp. v. The Gator Corp.*, 250 F.Supp.2d 421, 426 (D.N.J. 2003); see also *Moore v. Wyeth-Ayerst Laboratories*, 236 F. Supp.2d 509, 511 (D.Md 2002) (the MDL Panel has held that a district court has the authority to wait for a transfer order without ruling on a motion). This Court should exercise its authority and grant Doctor Defendants' Motion to Stay as this would promote judicial efficiency and lessen the burden on the parties and the courts. It is common practice for courts to stay pending patent litigations. *William Gluckin & Company v. International Playtex Corp.*, 407 F.2d 177 (2d Cir. 1969).

The MDL panel will hear oral arguments on the MDL Motion on January 27, 2005, just three days after the hearing date of the instant Motion to Stay. A stay is necessary in this action so that there is an orderly process and management of the related cases and to avoid inconsistent rulings among the different district courts. Absent a stay in this action, there is a real possibility of inconsistent rulings on claim construction by five different courts in which PharmaStem asserted the '427 Patent and the '645 Patent against over 20 defendants. This wastes judicial resources and overburdens the court system if five courts do the same thing that only one court need to do. *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979); *Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier, Inc.*, 60 U.S.P.Q. 2d (BNA) 1541 (C.D. Cal. 2001).

Moreover, PharmaStem has represented to the MDL Panel that it should

select this Court as the second choice as the transferee court should the MDL Panel order consolidation. Therefore, it is possible that all related cases may be transferred to this Court. If that is the case and all the related actions are transferred to this Court, a stay in this action would allow the defendants in the related actions to participate in this Court's proceedings. On the other hand, if the related cases are not consolidated to this Court and consolidated to another court, the parties and the Court would have wasted valuable resources. The practical effect of the stay in this action will ultimately promote judicial efficiency, lessen the burden on the parties, and will not cause any prejudice to the parties involved.

## II. THERE WILL BE NO PREJUDICE TO PHARMASTEM IF THIS COURT GRANTS DOCTOR DEFENDANTS' MOTION TO STAY.

PharmaStem asserts that it will be prejudiced if this Court stays this action until the MDL Panel rules on the MDL Motion. The contrary is true -- all parties will be prejudiced if this case, and the other cases, proceed down parallel, multiple, and potentially inconsistent paths during the brief time that the MDL Motion is being considered. As noted, the MDL Motion will be heard on January 27, 2005. There is no prejudice to PharmaStem because there are no imminent deadlines or pending motions in this action. Moreover, none of the parties in this action has initiated discovery.

PharmaStem asserts in its Opposition paper that "time is of the essence and any delay is significant." PharmaStem, however, has not served any discovery requests (e.g., documents requests, requests for admissions, or deposition notices) on any of the Doctor Defendants, although the parties participated in the case management conference on December 13, 2004, and discovery was open since that date. PharmaStem's assertions that it will be

prejudiced by the Stay is specious, at best. The extremely short period of time involved in the stay could not prejudice any party, but would help avoid the prejudice and disruption that would occur if the stay is not entered.

Moreover, recent developments strongly suggest that a stay is appropriate in this action. Since filing Doctor Defendants' Motion to Stay, Judge Sleet in the Delaware Action entered a Judgment on December 14, 2004, in favor of CBR and other defendants and against PharmaStem on the claim of infringement of U.S. Patent No. 5,004,681, which is essentially the grandfather patent to the '427 Patent and the '553 Patent. Exh. 3. Also, two additional courts have stayed its respective actions since filing this Motion to Stay. On December 16, 2004, the Pennsylvania Court stayed the Pennsylvania Action pending the MDL Motion. And, on January 7, 2005, Judge White granted in part a Motion to Stay in the Northern District Action, which stayed pending and future motions and certain discovery:

> Specifically, the Court HEREBY STAYS: (1) all currently pending motions in this matter, except Nicholas Didier's and Archibald Grabinski's motions to dismiss for lack of personal jurisdiction; (2) further motions hearings and deadlines relating to recently filed motions; (3) deadlines relating to claim construction proceedings; (4) deadlines relating to other pre-trial and trial proceedings; and (5) discovery against Stembanc, Inc. and Mr. Grabinski, until after it has received a ruling from the MDL on the motion to transfer. In light of the pending motion to dismiss for lack of personal jurisdiction against Mr. Didier, the Court also STAYS discovery as to Mr. Didier in his personal capacity.

Exh. 2. Three out of the other four courts have now stayed their respective actions pending the MDL Motion. This Court should do the same.

## CONCLUSION

Doctor Defendants' respectfully requests that this Court grant their Motion to Stay proceedings pending the resolution of the MDL Motion.

Dated: January 14, 2005.

PILLSBURY WINTHROP LLP
William F. Abrams
Thomas F. Chaffin
Chang H. Kim
2475 Hanover Street
Palo Alto, CA 94304-1114

By _____

Attorneys for Defendants and Counterclaimants
Monica Aszterbaum, M.D., Andrew Cassidenti, M.D., Eunice U. Lee, M.D., Carla Wells, M.D., Anita York, M.D., Bruce A. Hagadorn, M.D., Rajasree T. Seshadri, M.D., and Arthur Goldstein, M.D.