ORIGINAL

1  Paul J. Andre (State Bar No. 196585)
2  Lisa Kobialka (State Bar No. 191404)
   PERKINS COIE LLP
3  101 Jefferson Drive
4  Menlo Park, California  94065
   Telephone: (650) 838-4300
5  Facsimile:  (650) 838-4350

FILED
CLERK, U.S. DISTRICT COURT

AUG   4 2004

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

6
7  Attorneys for PharmaStem Therapeutics, Inc.

8              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
9  PHARMASTEM THERAPEUTICS,           $ACV04-921 GLT (ANx)
10 INC., a Delaware corporation,
                        Plaintiff,          Civil Action No.:
11      v.
12 CURESOURCE, INC., a South Carolina     **COMPLAINT FOR PATENT
   corporation, MONICA ASZLERBAUM,        INFRINGEMENT
13 an individual, ANDREW CASSIDENTI,      AND DEMAND FOR JURY
   an individual, EUNICE U. LEE, an       TRIAL**
14 individual, CARLA WELLS, an
15 individual, ANITA YORK, an
   individual, ELIOT ROMERO, an
16 individual, KATHY ANDERSON, an
17 individual, NASRIN FARBAKHSH, an
   individual, BRUCE A. HAGADORN, an
18 individual, RAJASREE T. SESHADRI,
19 an individual, ARTHUR GOLDSTEIN,
   an individual, and CHARLES W.
20 MONIAK, an individual,
                        Defendants.
21

RECEIVED

MAY 12 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

22
23
24
25                                    DOCKETED ON CM
26                                    AUG 10 2004
27                                    BY              074
28 BY042090006
                                      Complaint for Patent Infringement
                                      and Demand for Jury Trial

## COMPLAINT FOR PATENT INFRINGEMENT
## AND DEMAND FOR JURY TRIAL

Plaintiff PharmaStem Therapeutics, Inc. ("Plaintiff" or "PharmaStem")

alleges as follows:

## THE PARTIES

1.    Plaintiff PharmaStem is a corporation organized and existing under the

laws of the State of Delaware, with its principal place of business in the State of

New York, located at 69 Prospect Avenue, Larchmont, New York 10538.

2.    On information and belief, Defendant CureSource, Inc. ("CureSource")

is a corporation organized and existing under the laws of the State of South

Carolina, with its principal place of business in the State of South Carolina.

3.    On information and belief, Defendant Monica Aszlerbaum

("Aszlerbaum") is a physician licensed to practice medicine in the State of

California, with a place of business located at 4050 Barranca Parkway, Irvine,

California 92604.

4.    On information and belief, Defendant Andrew Cassidenti

("Cassidenti") is a physician licensed to practice medicine in the State of California,

with a place of business located at 4050 Barranca Parkway, Irvine, California

92604.

BY042090.006

5.     On information and belief, Defendant Eunice U. Lee ("Lee") is a physician licensed to practice medicine in the State of California, with a place of business located at 4050 Barranca Parkway, Irvine, California 92604.

6.     On information and belief, Defendant Carla Wells ("Wells") is a physician licensed to practice medicine in the State of California, with a place of business located at 4050 Barranca Parkway, Irvine, California 92604.

7.     On information and belief, Defendant Anita York ("York") is a physician licensed to practice medicine in the State of California, with a place of business located at 4050 Barranca Parkway, Irvine, California 92604.

8.     On information and belief, Defendant Eliot Romero ("Romero") is a physician licensed to practice medicine in the State of California, with a place of business located at 999 N. Tustin Avenue, Santa Ana, California 92705.

9.     On information and belief, Defendant Kathy Anderson ("Anderson") is a physician licensed to practice medicine in the State of California, with a place of business located at 16300 Sand Canyon Avenue, Irvine, California 92618.

10.    On information and belief, Defendant Nasrin Farbakhsh ("Farbakhsh") is a physician licensed to practice medicine in the State of California, with a place of business located at 16300 Sand Canyon Avenue, Irvine, California 92618.

11.    On information and belief, Defendant Bruce A. Hagadorn ("Hagadorn") is a physician licensed to practice medicine in the State of California,

3

Complaint for Patent Infringement
and Demand for Jury Trial

with a place of business located at 16300 Sand Canyon Avenue, Irvine, California 92618.

12.     On information and belief, Defendant Rajasree T. Seshadri ("Seshadri") is a physician licensed to practice medicine in the State of California, with a place of business located at 16300 Sand Canyon Avenue, Irvine, California 92618.

13.     On information and belief, Defendant Arthur Goldstein ("Goldstein") is a physician licensed to practice medicine in the State of California, with a place of business located at 1441 Avocado Avenue, Newport Beach, California 92660.

14.     On information and belief, Defendant Charles W. Moniak ("Moniak") is a physician licensed to practice medicine in the State of California, with a place of business located at 320 Superior Avenue, Newport Beach, California 92663.

## JURISDICTION

15.     This action arises under the Patent Act, 35 U.S.C. §271 et seq.  This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§1331 and 1338.

## VENUE

16.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(a), (b), (c) and/or §1400(b).  Personal jurisdiction over defendants CureSource, Aszlerbaum, Cassidenti, Lee, Wells, York, Romero, Anderson, Farbakhsh, Hagadorn, Seshadri, Goldstein and Moniak (collectively, the "Defendants") is

4

Complaint for Patent Infringement
and Demand for Jury Trial

1  proper because, on information and belief, they have and continue to infringe,

2

3  contributorily infringe, and/or induce infringement of the asserted patents in this

4  district.

5  ## PLAINTIFF'S PATENTS

6

7      17.    PharmaStem is the owner of United States Letter Patent No. 6,569,427

8  B1 (the "'427 Patent"), entitled ISOLATION AND PRESERVATION OF FETAL

9  AND NEONATAL HEMATOPOIETIC STEM AND PROGENITOR CELLS OF

10

11 THE BLOOD.  The application that led to the '427 Patent was filed on May 16,

12 1995 and issued on May 27, 2003.  The '427 Patent is attached hereto as Exhibit 1.

13     18.    PharmaStem is the owner of United States Letter Patent No. B1

14 5,004,681 (the "'681 Patent"), entitled PRESERVATION OF FETAL AND

15

16 NEONATAL HEMATOPOIETIC STEM AND PROGENITOR CELLS OF THE

17 BLOOD.  The '681 Patent was filed on November 12, 1987 and issued on April 2,

18 1991; reexamination was requested on August 30, 1993 and a Reexamination

19

20 Certificate issued on April 11, 2000.  The '681 Patent and Reexamination Certificate

21 are attached hereto as Exhibit 2.

22     19.    PharmaStem is the owner of United States Letter Patent No. 6,461,645

23

24 B1 (the "'645 Patent"), entitled ISOLATION AND PRESERVATION OF FETAL

25 AND NEONATAL HEMATOPOIETIC STEM AND PROGENITOR CELLS OF

26

27

28

5

BY042090.006

Complaint for Patent Infringement<br>and Demand for Jury Trial

1  THE BLOOD.  The '645 Patent was filed on May 16, 1990 and issued on October 8,

2  2002.  The '645 Patent is attached hereto as Exhibit 3.

3

4      20.    The '681 Patent and '645 Patent are directed to cryopreserved

5  compositions of fetal or neonatal hematopoietic stem and progenitor cells obtained

6  from the umbilical cord or placental blood of a newborn human ("Cord Blood").

7  The '427 Patent is directed to a method of using and storing Cord Blood for

8

9  therapeutic uses.

10

11                        **PATENT INFRINGEMENT**

12     21.    On information and belief, defendants Aszlerbaum, Cassidenti, Lee,

13  Wells, York, Romero, Anderson, Farbakhsh, Hagadorn, Seshadri, Goldstein and

14  Moniak have collected Cord Blood which was processed, cryopreserved, and stored

15

16  for future therapeutic use by ViaCell, Inc., Cord Blood Registry, Inc., Cryo-Cell

17  International, Inc. CorCell, Inc., CureSource, Inc. (collectively, the "Unlicensed

18  Cord Blood Banks").  The Unlicensed Cord Blood Banks receive the Cord Blood

19

20  collected by Aszlerbaum, Cassidenti, Lee, Wells, York, Romero, Anderson,

21  Farbakhsh, Hagadorn, Seshadri, Goldstein and/or Moniak, and process,

22  cryopreserve, and store the Cord Blood for future therapeutic use.

23

24     22.    On information and belief, CureSource provides clients with collection

25  kits to facilitate the collection of Cord Blood, and processes, cryopreserves, and

26

27                                    6

28  BY042090.006                                    Complaint for Patent Infringement
                                                   and Demand for Jury Trial

stores Cord Blood for future therapeutic use, collecting various fees for such activities.

23.    On information and belief, CureSource receives the collected umbilical cord blood at the CureSource lab where the cord blood is tested, the stem cells are separated from the red blood cells and plasma and are preserved by freezing at minus 196 degrees Celsius for an indefinite period of time.

24.    On information and belief, CureSource stores the collected umbilical cord blood stem cells for the potential future use by the child or members of the immediate family, such as siblings, parents and grandparents.

## FIRST CAUSE OF ACTION

(Infringement of the '427 Patent)

25.    PharmaStem realleges each and every allegation set forth in Paragraphs 1 through 24, inclusive, and incorporates them herein by reference.

26.    Defendants have been and continue to infringe, contributorily infringe, and/or induce the infringement of the '427 Patent by making, using, selling and/or offering to sell the methods claimed in the '427 Patent, and will continue to do so until enjoined by the Court.

27.    Defendants' infringement of the '427 Patent has been and continues to be willful and deliberate.

7

28.    Defendants' infringement of the '427 Patent has injured and continues to injure PharmaStem in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

(Infringement of the '645 Patent)

29.    PharmaStem realleges each and every allegation set forth in Paragraphs 1 through 24, inclusive, and incorporates them herein by reference.

30.    CureSource has been and continues to infringe, contributorily infringe, and/or induce the infringement of the '645 Patent by making, using, selling and/or offering to sell the compositions claimed in the '645 Patent, and will continue to do so until enjoined by the Court.

31.    CureSource's infringement of the '645 Patent has been and continues to be willful and deliberate.

32.    CureSource's infringement of the '645 Patent has injured and continues to injure PharmaStem in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

(Infringement of the '681 Patent)

33.    PharmaStem realleges each and every allegation set forth in Paragraphs 1 through 24, inclusive, and incorporates them herein by reference.

34.    CureSource has been and continues to infringe, contributorily infringe, and/or induce the infringement of the '681 Patent by making, using, selling and/or

8

1 offering to sell the compositions claimed in the '681 Patent, and will continue to do

2 so until enjoined by the Court.

3

4     35.    CureSource's infringement of the '681 Patent has been and continues to

5 be willful and deliberate.

6     36.    CureSource's infringement of the '681 Patent has injured and continues

7 to injure PharmaStem in an amount to be proven at trial.

8

9 **PRAYER FOR RELIEF**

10     WHEREFORE, PharmaStem prays that the Court grant the following relief

11 and judgment:

12

13     A.    A preliminary and permanent injunction against Defendants and/or

14 those in privity with them, from infringing, contributorily infringing, or inducing the

15 infringement of the '427 Patent, the '645 Patent and the '681 Patent, and for all

16 further and proper injunctive relief pursuant to 35 U.S.C. §283;

17

18     B.    An award to PharmaStem of such damages as it shall prove at trial

19 against Defendants that are adequate to fully compensate it for their infringement of

20 the '427 Patent, the '645 Patent and the '681 Patent, said damages to be no less than a

21 reasonable royalty;

22

23     C.    An award to PharmaStem for willful infringement against Defendants

24 of three times the damages so determined, as provided by 35 U.S.C. §284, together

9

BY042090.006

Complaint for Patent Infringement
and Demand for Jury Trial

1  with prejudgment interest from the dates infringement of the '427 Patent, the '645

2  Patent and the '681 Patent began;

3

4      D.      A finding that this case is "exceptional" and an award to PharmaStem

5  of its costs and reasonable attorney's fees, as provided by 35 U.S.C. §285; and,

6

7      E.      Such further and other relief as the Court and/or jury may deem proper

8  and just.

9

10  DATED: August 4, 2004                          PERKINS COIE LLP

11

12                                          By: _____

13                                              Paul Andre

14                                              Attorneys for Plaintiff
                                                PharmaStem Therapeutics, Inc.
15

16

17

18

19

20

21

22

23

24

25

26

27                                     10

28  BY042090.006                                    Complaint for Patent Infringement
                                                       and Demand for Jury Trial

1
2
## DEMAND FOR JURY TRIAL
3
4
   PharmaStem hereby demands jury trial on all issues.
5
DATED: August 4, 2004                    PERKINS COIE LLP
6
7                                          By: _____
8                                          Paul Andre
9                                          Attorneys for Plaintiff
                                           PharmaStem Therapeutics, Inc.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
                                 11
28
BY042090.006                              Complaint for Patent Infringement
                                          and Demand for Jury Trial