1  PILLSBURY WINTHROP LLP
   William F. Abrams (State Bar No. 88805)
2  Thomas F. Chaffin (State Bar No. 112368)
   2475 Hanover Street
3  Palo Alto, CA 94304-1114
   Telephone: (650) 233-4500
4  Facsimile: (650) 233-4545

5  Attorneys for Defendants and Counterclaimants
   Monica Aszterbaum, M.D., Andrew Cassidenti, M.D.,
6  Eunice U. Lee, M.D., Carla Wells, M.D., Anita York, M.D.,
   Bruce A. Hagadorn, M.D., Rajasree T. Seshadri, M.D., and
7  Arthur Goldstein, M.D.



8              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
9                   SOUTHERN DIVISION

10 PHARMASTEM THERAPEUTICS, INC., a )
   Delaware corporation,                )  Case No. SA-CV-04-921 GLT-(ANx)
11                                      )
              Plaintiff,                )  ANSWER AND COUNTERCLAIMS FOR:
12                                      )
        vs.                             )
13                                      )
   CURESOURCE, INC., a South Carolina   )  1. NON-INFRINGEMENT OF THE '427
14 corporation, MONICA ASZTERBAUM, an   )     PATENT
   individual, ANDREW CASSIDENTI, an    )  2. INVALIDITY OF THE '427 PATENT
15 individual, EUNICE U. LEE, an individual, ) 3. UNENFORCEABILITY OF THE '427
   CARLA WELLS, an individual, ANITA    )     PATENT
16 YORK, an individual, ELIOT ROMERO, an )
   individual, KATHY ANDERSON, an       )  JURY TRIAL DEMANDED
17 individual, NASRIN FARBAKHSH, an     )
   individual, BRUCE A. HAGADORN, an    )
18 individual, RAJASREE T. SESHADRI, an )
   individual, ARTHUR GOLDSTEIN, an     )
19 individual, and CHARLES W. MONIAK, an )
   individual,                          )
20            Defendants.               )
   _____)
   MONICA ASZTERBAUM, ANDREW            )
21 CASSIDENTI, EUNICE U. LEE, CARLA     )
   WELLS, ANITA YORK, BRUCE A.          )
22 HAGADORN, RAJASREE T. SESHADRI,      )
   and ARTHUR GOLDSTEIN,                )
23                                      )
              Counterclaimants,         )
24                                      )
        vs.                             )
25                                      )
   PHARMASTEM THERAPEUTICS, INC.,       )
26 a Delaware corporation,              )
                                        )
27            Counterdefendant.         )
   _____)
28



60372644v1                    - 1 -                  RESPONSE TO COMPLAINT
                                                     Case No. SACV04-921 GLT

1  Counterclaimants and defendants Monica Aszterbaum ("Aszterbaum"), Andrew
2  Cassidenti ("Cassidenti"), Eunice U. Lee ("Lee"), Carla Wells ("Wells"), Anita York
3  ("York"), Bruce A. Hagadorn ("Hagadorn"), Rajasree T. Seshadri ("Seshadri"), and Arthur
4  Goldstein ("Goldstein") (referred to individually and collectively as "Doctor Defendants")
5  respond to the Complaint for Patent Infringement (the "Complaint") filed by Pharmastem
6  Therapeutics Inc. ("PharmaStem") as follows.

## THE PARTIES

8  1.  Doctor Defendants admit that PharmaStem purports to be a Delaware
9  corporation with a principal place of business in the State of New York, located at 69
10  Prospect Avenue, Larchmont, New York, 10538. Except as admitted, Doctor Defendants
11  are without knowledge or information sufficient to form a belief as to the truth of the
12  allegations of Paragraph 1 of the Complaint, and therefore deny them.

14  2.  Doctor Defendants are without knowledge or information sufficient to form
15  a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore
16  deny them.

18  3.  Aszterbaum, erroneously identified as "Aszlerbaum" in the Complaint,
19  admits that she is licensed to practice medicine and practices medicine at 4050 Barranca
20  Parkway, Irvine, California.

22  4.  Cassidenti admits that he is licensed to practice medicine and practices
23  medicine at 4050 Barranca Parkway, Irvine, California.

25  5.  Lee admits that she is licensed to practice medicine and practices medicine
26  at 1441 Avocado, Suite 608, Newport Beach, California.

28  6.  Wells admits that she is licensed to practice medicine and practices

medicine at 4050 Barranca Parkway, Irvine, California.

7.  York admits that she is licensed to practice medicine and practices medicine at 4050 Barranca Parkway, Irvine, California.

8.  Doctor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and therefore deny them.

9.  Doctor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and therefore deny them.

10. Doctor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and therefore deny them.

11. Hagadorn admits that he is licensed to practice medicine and practices medicine at 16300 Sand Canyon Ave #207, Irvine, California.

12. Seshadri admits that he is licensed to practice medicine and practices medicine at 16300 Sand Canyon Ave #207, Irvine, California.

13. Goldstein admits that he is licensed to practice medicine and practices medicine at 1441 Avocado, Suite 608, Newport Beach, California.

14. Doctor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and therefore deny them.

## JURISDICTION

15. Doctor Defendants admit that the Complaint purports to be an action arising under the Patent Act, 35 U.S.C. §§ 271 *et seq*. Doctor Defendants admit that this Court has subject matter jurisdiction.

## VENUE

16. Doctor Defendants do not dispute that personal jurisdiction and venue may be proper in this district with respect to Doctor Defendants. Doctor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other parties, contained in Paragraph 16, and therefore deny those allegations. Answering further, Doctor Defendants state that the remainder of PharmaStem's allegations in Paragraph 16 are legal conclusions to which no response is required, and Doctor Defendants therefore deny the remaining allegations of this Paragraph.

## PLAINTIFF'S PATENTS

17. Doctor Defendants admit that a copy of a document purporting to be U.S. Patent No. 6,569,427 B1 (the "'427 Patent") was attached to the Complaint as Exhibit 1. Defendant Doctors admit that the document at Exhibit 1 of the Complaint is entitled ISOLATION AND PRESERVATION OF FETAL AND NEONATAL HEMATOPOIETIC STEM AND PROGENITOR CELLS OF THE BLOOD and purports to have been issued on or about May 27, 2003, and purports to have been filed on or about May 16, 1995. Answering further, Doctor Defendants are without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of Paragraph 17 of the Complaint, and therefore deny them.

18.    Doctor Defendants admit that a copy of a document purporting to be U.S. Patent No. 5,004,681 (the "'681 Patent") was attached to the Complaint as Exhibit 2. The U.S. Patent and Trademark Office ("U.S. PTO") ordered a reexamination of the '681 Patent after the filing of this lawsuit. The U.S. PTO ordered the reexamination because there is a substantial new question of the patentability with respect to the '681 Patent. PharmaStem has not accused Doctor Defendants of infringing the '681 Patent. Answering further, Doctor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 of the Complaint, and therefore deny them.

19.    Doctor Defendants admit that a copy of a document purporting to be U.S. Patent No. 6,461,645 B1 (the "'645 Patent") was attached to the Complaint as Exhibit 3. PharmaStem has not accused Doctor Defendants of infringing the '645 Patent. Answering further, Doctor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 of the Complaint, and therefore deny them.

20.    To the extent Paragraph 20 of the Complaint constitutes conclusions of law, no response is required. Doctor Defendants deny the remaining allegations of Paragraph 20 of the Complaint, which appear to be attempts by PharmaStem to summarize certain aspects of the '681 Patent, the '645 Patent and the '427 Patent. The '681 Patent, the '645 Patent and '427 Patent speak for themselves.

**PATENT INFRINGEMENT**

21. Doctor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, and therefore deny them.

22. Doctor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Curesource, Inc. ("Curesource") contained in Paragraph 22 of the Complaint, and therefore deny them.

23. Doctor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Curesource contained in Paragraph 23 of the Complaint, and therefore deny them.

24. Doctor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Curesource contained in Paragraph 24 of the Complaint, and therefore deny them.

**FIRST CAUSE OF ACTION**

**(Infringement of the '427 Patent)**

25. With respect to Paragraph 25 of the Complaint, Doctor Defendants repeat and incorporate by reference their admissions and denials of the allegations in Paragraphs 1 through 24 above.

26. Doctor Defendants deny the allegations of Paragraph 26 of the Complaint with respect to Doctor Defendants. Doctor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 of the Complaint, and therefore deny them.

27. Doctor Defendants deny the allegations of Paragraph 27 of the Complaint with respect to Doctor Defendants. Doctor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 of the Complaint, and therefore deny them.

28. Doctor Defendants deny the allegations of Paragraph 28 of the Complaint

1  with respect to Doctor Defendants. Doctor Defendants are without knowledge or
2  information sufficient to form a belief as to the truth of the remaining allegations of
3  Paragraph 28 of the Complaint, and therefore deny them.

4  **SECOND CAUSE OF ACTION**
5  **(Infringement of the '645 Patent)**

6      29.    With respect to Paragraph 29 of the Complaint, Doctor Defendants repeat
7  and incorporate by reference their admissions and denials of the allegations in Paragraphs 1
8  through 24 above.

9      30.    Doctor Defendants are without knowledge or information sufficient to form
10 a belief as to the truth of the allegations regarding Curesource contained in Paragraph 30 of
11 the Complaint, and therefore deny those allegations.

12     31.    Doctor Defendants are without knowledge or information sufficient to form
13 a belief as to the truth of the allegations regarding Curesource contained in Paragraph 31 of
14 the Complaint, and therefore deny those allegations.

15     32.    Doctor Defendants are without knowledge or information sufficient to form
16 a belief as to the truth of the allegations regarding Curesource contained in Paragraph 32 of
17 the Complaint, and therefore deny those allegations.

18 **THIRD CAUSE OF ACTION**
19 **(Infringement of the '681 Patent)**

20     33.    With respect to Paragraph 33 of the Complaint, Doctor Defendants repeat
21 and incorporate by reference their admissions and denials of the allegations in Paragraphs 1
22 through 24 above.

23     34.    Doctor Defendants are without knowledge or information sufficient to form
24 a belief as to the truth of the allegations regarding Curesource contained in Paragraph 34 of
25 the Complaint, and therefore deny those allegations.

26     35.    Doctor Defendants are without knowledge or information sufficient to form
27 a belief as to the truth of the allegations regarding Curesource contained in Paragraph 35 of
28 the Complaint, and therefore deny those allegations.

1   36.   Doctor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Curesource contained in Paragraph 36 of the Complaint, and therefore deny those allegations.

## PRAYER FOR RELIEF

Doctor Defendants deny that PharmaStem is entitled to any of the relief requested in the Complaint, including subparagraphs (A) through (E) thereof, or to any relief against Defendant Doctors.

To the extent any allegations in the Complaint are not addressed, specifically or generally, in the paragraphs above, such allegations are hereby denied.

## ADDITIONAL DEFENSES

As for its separate and additional defenses, Doctor Defendants allege as follows:

## FIRST ADDITIONAL DEFENSE

37.   The Complaint fails to state a claim against Doctor Defendants upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

38.   The '427 Patent is invalid because it fails to comply with the requirements and conditions for patentability established by 35 U.S.C. §§ 102, 103 or 112.

## THIRD ADDITIONAL DEFENSE

39.   Doctor Defendants have not and do not willfully or otherwise infringe, contribute to the infringement, or induce infringement of any valid or enforceable claim of the '427 Patent.

## FOURTH ADDITIONAL DEFENSE

40.   PharmaStem is barred from presenting or seeking an interpretation of the claims necessary to find infringement of the '427 Patent by the Doctor Defendants, either literally or under the Doctrine of Equivalents, by virtue of representations and concessions made to the U.S. PTO during the prosecution of the application that matured into the '427 Patent.

## FIFTH ADDITIONAL DEFENSE

41. PharmaStem is barred by 35 U.S.C. § 287 from recovering damages for any alleged infringement of the '427 Patent that occurred before the filing of the Complaint and notification to Doctor Defendants alleging infringement of that patent.

## SIXTH ADDITIONAL DEFENSE

42. The '427 Patent is unenforceable because PharmaStem failed to name the correct inventor(s) to the '427 Patent with intent to deceive the U.S. PTO to obtain issuance of the '427 Patent.

43. On information and belief, Pablo Rubinstein ("Rubinstein") made an inventive contribution to the claimed subject matter of the '427 Patent, to the extent the '427 Patent discloses and claims a patentable invention. Before the filing date of the '427 Patent, Rubinstein collaborated with the named inventors of the '427 Patent and contributed to the conception of the invention(s) disclosed and claimed in the '427 Patent. PharmaStem, the named inventors of the '427 Patent and/or the prosecuting patent attorney(s) knew or had reason to know of Rubinstein's role as an inventor and purposely failed to name him as an inventor or co-inventor to the '427 Patent.

44. Additionally, on information and belief, Edward A. Boyse ("Boyse"), a named inventor of the '427 Patent, is not an actual inventor of the '427 Patent to the extent the '427 Patent discloses and claims a patentable invention. Boyse did not make any inventive contribution to the claimed subject matter of the '427 Patent. Boyse's alleged contribution to the '427 Patent was merely sharing his "idea" with others that stem cells from cord blood may contain some utility. Such "contribution" does not entitle Boyse to be named as an inventor. PharmaStem, the other named inventors of the '427 Patent and/or the prosecuting patent attorney(s) knew or had reason to know that Boyse was not an inventor, but nonetheless purposely named him as an inventor to the '427 Patent with intent to deceive the U.S. PTO to obtain issuance of the '427 Patent.

### SEVENTH ADDITIONAL DEFENSE

45. Doctor Defendants reallege and incorporate by reference Paragraphs 42-45 above as though set forth herein.

46. The '427 Patent is unenforceable for inequitable conduct because the named inventors and/or the prosecuting attorney of the '427 Patent withheld material information from the U.S. PTO with intent to deceive the U.S. PTO to obtain issuance of the '427 Patent.

47. Under 37 C.F.R. § 1.56, PharmaStem was required to disclose all information known to be material to patentability of the '427 Patent during the prosecution of such patent. Information material to patentability includes any information that refutes, or is inconsistent with, a position PharmaStem takes in asserting an argument of patentability. The '427 Patent is unenforceable for inequitable conduct because PharmaStem failed to disclose to the U.S. PTO Rubinstein's prior work (which was in public use) relating to cryopreservation of cord blood before the filing date of the '427 Patent. PharmaStem knew of Rubinstein's prior work relating to cryopreservation of cord blood and its materiality to the patentability of the '427 Patent before and during the prosecution of the '427 Patent. PharmaStem purposefully withheld such material information from the U.S. PTO with intent to deceive the U.S. PTO to obtain the issuance of the '427 Patent.

### EIGHTH ADDITIONAL DEFENSE

48. Doctor Defendants reallege and incorporate by reference Paragraphs 37-47 above as though set forth herein.

49. PharmaStem has come into this Court with unclean hands and should therefore be estopped from obtaining any relief. PhamaStem's claim are barred by the doctrine of unclean hands.

### NINTH ADDITIONAL DEFENSE

50. PharmaStem's claims are barred by the doctrine of collateral estoppel or issue preclusion.

## TENTH ADDITIONAL DEFENSE

51. PharmaStem's claims are barred by the doctrine of patent misuse, by virtue of PharmaStem's efforts to enforce and threats to enforce its patents against persons and activities that are beyond the scope of its patents, and to require persons to refuse from engaging in conduct not covered by the patents as a condition of refraining from suit thereon, as well as by virtue of PharmaStem's efforts to enforce patents that it knows to be invalid and unenforceable.

## ELEVENTH ADDITIONAL DEFENSE

52. The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrines of laches.

Through further investigation and the discovery process Doctor Defendants may obtain information and knowledge sufficient to raise additional defenses to the claims brought against them and will raise those additional defenses at that time.

## COUNTERCLAIMS

Defendants and Counterclaimants Doctor Defendants assert the following counterclaims against PharmaStem.

### THE PARTIES

1. Defendant and Counterclaimant Aszterbaum, erroneously identified as "Aszlerbaum" in the Complaint, is licensed to practice medicine and practices medicine at 4050 Barranca Parkway, Irvine, California.

2. Defendant and Counterclaimant Cassidenti is licensed to practice medicine and practices medicine at 4050 Barranca Parkway, Irvine, California.

3. Defendant and Counterclaimant Lee is licensed to practice medicine and practices medicine at 1441 Avocado, Suite 608, Newport Beach, California.

4. Defendant and Counterclaimant Wells is licensed to practice medicine and practices medicine at 4050 Barranca Parkway, Irvine, California.

5. Defendant and Counterclaimant York is licensed to practice medicine and practices medicine at 4050 Barranca Parkway, Irvine, California.

6. Defendant and Counterclaimant Hagadorn is licensed to practice medicine and practices medicine at 16300 Sand Canyon Ave #207, Irvine, California.

7. Defendant and Counterclaimant Seshadri is licensed to practice medicine and practices medicine at 16300 Sand Canyon Ave #207, Irvine, California.

8. Defendant and Counterclaimant Goldstein is licensed to practice medicine and practices medicine at 1441 Avocado, Suite 608, Newport Beach, California.

1   9.   Plaintiff and Counterdefendant PharmaStem is a Delaware corporation with
2   its principal place of business at 69 Prospect Avenue, Larchmont, New York 10538.

## JURISDICTION

4   10.  This Court has subject matter jurisdiction over these Counterclaims pursuant
5   to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202. This Court also has personal
6   jurisdiction over Pharmastem with respect to these Counterclaims by virtue, *inter alia*, of
7   Pharmastem submitting to the jurisdiction of this Court by filing the Complaint. Venue
8   may be proper in this district because Doctor Defendants continue to suffer injury in this
9   judicial district as a result of the matters complained of herein.

## FIRST COUNTERCLAIM
## INVALIDITY OF THE '427 PATENT

12  11.  In the Complaint, PharmaStem alleges that Doctor Defendants infringe the
13  '427 Patent. Doctor Defendants deny this allegation. An actual and judiciable controversy
14  exists between PharmaStem and Doctor Defendants with respect to the '427 Patent.

15  12.  Each claim of the '427 Patent is invalid for failure to meet one or more of
16  the conditions of patentability specified in Title 35 of the United States Code, including,
17  *inter alia*, 35 U.S.C. §§ 101, 102, 103 and 112.

18  13.  Doctor Defendants are entitled to a declaratory judgment that the '427 Patent
19  is invalid.

## SECOND COUNTERCLAIM
## NON-INFRINGEMENT OF THE '427 PATENT

22  14.  An actual and judiciable controversy exists between PharmaStem and
23  Doctor Defendants with respect to the non-infringement of the '427 Patent. Absent a
24  declaration of non-infringement, PharmaStem will continue to wrongfully assert the '427
25  Patent against Doctor Defendants and will thereby cause Doctor Defendants irreparable
26  injury and damage.

27  15.  Doctor Defendants have not and do not and has willfully or otherwise
28  infringe, contribute to the infringement, or actively induce infringement of any valid and

1  enforceable claim of the '427 Patent.

2  16.  By this Counterclaim, Doctor Defendants seek a declaratory judgment that they have not and do not willfully or otherwise infringe, contribute to the infringement, or actively induce infringement of any valid and enforceable claims of the '427 Patent.

## THIRD COUNTERCLAIM

## UNENFORCEABILITY OF THE '427 PATENT

17.  The '427 Patent is unenforceable because PharmaStem failed to name the correct inventor(s) to the '427 Patent with intent to deceive the U.S. PTO to obtain issuance of the '427 Patent.

18.  On information and belief, Rubinstein made an inventive contribution to the claimed subject matter of the '427 Patent, to the extent the '427 Patent discloses and claims a patentable invention. Before the filing date of the '427 Patent, Rubinstein collaborated with the named inventors of the '427 Patent and contributed to the conception of the invention(s) disclosed and claimed in the '427 Patent. PharmaStem, the named inventors of the '427 Patent and/or the prosecuting patent attorney(s) knew or had reason to know of Rubinstein's role as an inventor and purposely failed to name him as an inventor or co-inventor to the '427 Patent.

19.  Additionally, on information and belief, Boyse, a named inventor of the '427 Patent, is not an actual inventor of the '427 Patent to the extent the '427 Patent discloses and claims a patentable invention. Boyse did not make any inventive contribution to the claimed subject matter of the '427 Patent. Boyse's alleged contribution to the '427 Patent was merely sharing his "idea" with others that stem cells from cord blood may contain some utility. Such "contribution" does not entitle Boyse to be named as an inventor. PharmaStem, the other named inventors of the '427 Patent and/or the prosecuting patent attorney(s) knew or had reason to know that Boyse was not an inventor, but nonetheless purposely named him as an inventor to the '427 Patent with intent to deceive the U.S. PTO to obtain issuance of the '427 Patent.

20. The '427 Patent is also unenforceable for inequitable conduct because the named inventors and/or the prosecuting attorney of the '427 Patent withheld material information from the U.S. PTO with intent to deceive the U.S. PTO to obtain issuance of the '427 Patent.

21. Under 37 C.F.R. § 1.56, PharmaStem was required to disclose all information known to be material to patentability of the '427 Patent during the prosecution of such patent. Information material to patentability includes any information that refutes, or is inconsistent with, a position PharmaStem takes in asserting an argument of patentability. The '427 Patent is unenforceable for inequitable conduct because PharmaStem failed to disclose to the U.S. PTO Rubinstein's prior work (which was in public use) relating to cryopreservation of cord blood before the filing date of the '427 Patent. PharmaStem knew of Rubinstein's prior work relating to cryopreservation of cord blood and its materiality to the patentability of the '427 Patent before and during the prosecution of the '427 Patent. PharmaStem purposefully withheld such material information from the U.S. PTO with intent to deceive the U.S. PTO to obtain the issuance of the '427 Patent.

22. By this Counterclaim, Doctor Defendants seek a declaratory judgment that the '427 Patent is unenforceable.

### PRAYER FOR RELIEF

WHEREFORE, Doctor Defendants requests that this Court:

1. Dismiss PharmaStem's Complaint with prejudice;

2. Deny PharmaStem's request for a judgment that Defendant Doctors have willfully or otherwise infringed, contributed to the infringement of, or induced infringement of the '427 Patent;

3. Determine that PharmaStem is entitled to no damages for, or injunctive relief against, any alleged infringement by Defendant Doctors;

4. Deny PharmaStem's request for injunctive relief;

5. Deny PharmaStem's request for alleged damages;

1     6.     Deny PharmaStem's request for reasonably royalty;

2     7.     Deny PharmaStem's request for trebled or increased damages;

3     8.     Deny PharmaStem's request for prejudgment interest;

4     9.     Deny PharmaStem's request for its attorneys' fees and alleged costs;

5     10.     Determine that PharmaStem take nothing by reason of its Complaint;

6     11.     Determine that this is an extraordinary case and award Doctor Defendants their attorney's fees and litigation expenses under 28 U.S.C. § 1927, 35 U.S.C. § 285, and any other applicable statute or rule;

9     12.     Declare that the '427 Patent is invalid and/or unenforceable;

10     13.     Declare that Doctor Defendants have not and do not willfully or otherwise infringe, contribute to the infringement, or actively induce infringement of any valid and enforceable claim of the '427 Patent; and

13     14.     Award Doctor Defendants such other and further relief as the Court deems appropriate.

Dated: September 30, 2004.

PILLSBURY WINTHROP LLP
WILLIAM F. ABRAMS
THOMAS F. CHAFFIN
2475 Hanover Street
Palo Alto, CA 94304-1114

By /s/ William F. Abrams
William F. Abrams

Attorneys for Defendants and Counterclaimants Monica Aszterbaum, M.D., Andrew Cassidenti, M.D., Eunice U. Lee, M.D., Carla Wells, M.D., Anita York, M.D., Bruce A. Hagadorn, M.D., Rajasree T. Seshadri, M.D., and Arthur Goldstein, M.D.

| | |
|---|---|
| 1 | <div align="center">**DEMAND FOR JURY TRIAL**</div> |
| 2 | Defendants and Counterclaimants Monica Aszterbaum, M.D., Andrew Cassidenti, |
| 3 | M.D., Eunice U. Lee, M.D., Carla Wells, M.D., Anita York, M.D., Bruce A. Hagadorn, |
| 4 | M.D., Rajasree T. Seshadri, M.D., and Arthur Goldstein, M.D. demand a jury trial for all |
| 5 | claims, defenses and issues as provided for in Federal Rule of Civil Procedure 38. |

Dated: September 30, 2004.

PILLSBURY WINTHROP LLP
William F. Abrams
Thomas F. Chaffin
2475 Hanover Street
Palo Alto, CA 94304-1114

By _[signature]_
Attorneys for Defendants and Counterclaimants
Monica Aszterbaum, M.D., Andrew Cassidenti, M.D., Eunice U. Lee, M.D., Carla Wells, M.D., Anita York, M.D., Bruce A. Hagadorn, M.D., Rajasree T. Seshadri, M.D., and Arthur Goldstein, M.D.